

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2005

# Bajraktari v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2864

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bajraktari v. Atty Gen USA" (2005). *2005 Decisions.* Paper 53.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/53

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2864

ZYRAFETE BAJRAKTARI

Petitioner

v.

*ALBERTO R. GONZALES, Attorney General of the United States,

Respondent

*Substituted pursuant to Rule 43c, F.R.A.P.

On Appeal from an Order entered by
The Board of Immigration Appeals
No. A75-929-181

Argued June 7, 2005

Before: AMBRO, STAPLETON and ALARCÓN**, <u>Circuit Judges</u>

(Opinion filed: December 23, 2005)

** Honorable Arthur L. Alarcón, Senior United States Circuit Judge for the Ninth
Circuit Court of Appeals, sitting by designation.

Meer M. M. Rahman, Esquire
Charles Christophe, Esquire (Argued)
Christophe & Associates, P.C.
67 Wall Street
Suite 210
New York, NY 10005

      Counsel for Petitioner

Peter D. Keisler
  Assistant Attorney General
  Civil Division
Richard M. Evans
  Assistant Director
David E. Dauenheimer, Esquire
Janice K. Redfern, Esquire
Hillel R. Smith, Esquire (Argued)
United States Department of Justice
Office of Immigration, Litigation
Ben Franklin Station
P.O. Box 878, Civil Division
Washington, D.C.   20044

      Counsel for Respondent

---

OPINION

---

AMBRO, <u>Circuit Judge</u>

Zyrafete Bajraktari petitions for review of the decision by the Board of Immigration Appeals ("BIA") affirming the denial by an Immigration Judge ("IJ") of her motion to reopen as untimely filed. As Bajraktari's allegations of ineffective assistance of counsel provide a basis for equitably tolling the relevant filing deadline, we remand to the BIA on the issue of whether she exercised the requisite degree of diligence.

2

## I. Facts and Procedural History

Bajraktari, an ethnic Albanian Muslim, was born in Decan, Kosovo in 1977. The crux of her asylum case is that she was the victim of ethnic and political persecution perpetrated by the Serbian police while she lived in Kosovo. In particular, she alleges that because the government prohibited her from attending public school, she attended classes in private homes, which the Serbian government raided. Further, Bajraktari alleges that her father, an active political protester, was often beaten and detained by Serbian police as a result of his political activities. Because of her father's anti-government activities, the Serbian police conducted searches of Bajraktari's home on more than one occasion, and during these searches the police interrogated and beat her and other members of her family. In July 1998, Bajraktari's father was killed opposing the Serbian soldiers' attempt to enter and burn his village. Bajraktari fled Kosovo and arrived in New York in December 1998.

In February 1999, Bajraktari filed an asylum application. Four months later, she appeared at a removal hearing with her counsel, Martin Vulaj, but the hearing was adjourned because no official Albanian translator was present. Though the Court gave notice to Vulaj that the hearing would be rescheduled for July 26, 1999, Bajraktari alleges that Vulaj failed to inform her of the new date, causing her to miss the hearing. She was ordered removed *in absentia*.

When Bajraktari learned of the order of removal she discussed the order with Vulaj, and he informed her that he would immediately file a motion to reopen on her

behalf.[1]  Bajraktari paid Vulaj $300 to file the motion.  Though Vulaj accepted the payment, he did not file the motion.  Bajraktari then obtained new counsel, Kieran Both, who in June 2001 filed a motion to reopen based on changed country conditions.  The motion did not address Bajraktari's failure to appear for the July 1999 hearing or assert that Vulaj had been ineffective.  Instead, the motion argued that reopening was necessary in light of changed country conditions, and the IJ concluded that timely filing would not be a prerequisite for reopening on that ground if new evidence existed that could not have been presented at the prior hearing.  Finding, however, that there was no new evidence (indeed, Bajraktari had not shown that country conditions had changed to her detriment) and the motion to reopen was thus untimely, the IJ denied the motion.

The BIA affirmed the IJ's decision in February 2002, agreeing that the motion to reopen was out of time (as it was due by January 24, 2000 but was not filed until nearly 17 months later).  The BIA also concluded that Bajraktari had not shown materially changed circumstances.

In October 2002, Bajraktari, through her third lawyer, Michael DiRaimondo, filed a second motion to reopen based on the ineffectiveness of both prior counsel, alleging (1) that Vulaj was ineffective in failing to inform Bajraktari of the date of the hearing and

---

[1]The details of this interaction—such as when it occurred—are not specified in Bajraktari's affidavit.  Bajraktari's letter to the bar disciplinary committee also fails to specify the date on which Vulaj agreed to file the motion to reopen.  Because the letter implies that Vulaj agreed to file the motion in a timely fashion but failed to do so, we infer that they discussed the *in absentia* order of removal prior to January 24, 2000.

then misleading her into believing that he would remedy the adverse order resulting from her failure to appear, and (2) that Both was ineffective for failing to assert Vulaj's ineffectiveness in his motion to reopen. The IJ denied the motion, *inter alia*, on the ground that it was untimely. The BIA affirmed the IJ's decision on June 4, 2004. Bajraktari timely petitioned for review.

## II. Jurisdiction and Standard of Review

We have jurisdiction over Bajraktari's petition for review of the BIA's final order of removal pursuant to 8 U.S.C. § 1252(d)(1). Because the BIA affirmed the IJ's decision without opinion, it is the IJ's opinion and reasoning that we review. *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (*en banc*). Our standard for reviewing the IJ's denial of the motion to reopen is abuse of discretion. *Lu v. Ashcroft*, 259 F.3d 127, 130 (3d Cir. 2001) (determining that we review denial of a motion to reopen based on an ineffective assistance of counsel claim for abuse of discretion). Thus, a denial of a motion to reopen will be overturned only if it is "arbitrary, irrational or contrary to law." *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994).

## III. Discussion

Under 8 U.S.C. § 1229a(b)(5)(C)(i), an alien has 180 days from the date of an *in absentia* order of removal to file a motion to reopen. Here, Bajraktari was ordered removed in July 1999, and consequently her motion to reopen was due for filing in January 2000. But, as noted, it was filed almost a year and a half later.

We have held that the deadline for filing a motion to reopen *in absentia* orders of

5

removal is subject to equitable tolling. *Mahmood v. Gonzalez*, 427 F.3d 248, 251 (3d Cir. 2005). We also suggested that ineffective assistance of counsel was a possible basis for this equitable tolling. *Id.* Bajraktari contends that Vulaj's and Both's conduct was sufficient to justify tolling the 180-day deadline.

Equitable tolling is unavailable, however, where an alien fails to exercise due diligence in pursuing his or her claim. *Id.* at 252. Unless due diligence (or its absence) is clear as a matter of law, we generally remand for a first-instance determination of whether the alien has exercised due diligence. *Id.* at 252-53. The BIA did not consider (1) whether the time to file a motion to reopen was tolled because Vulaj was ineffective in promising to file a timely motion to reopen, but not filing it, or (2) whether Bajraktari did not adequately inform Both of Vulaj's alleged misrepresentation.

In this context, we grant the petition for review and remand to the BIA to determine whether counsel's conduct should toll the time limits and, if needed, whether Bajraktari exercised due diligence in pursuing her claim.

6