

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2008

# Bajraktari v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4202

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bajraktari v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1419.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1419

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4202

_____

ZYRAFETE BAJRAKTARI,
a/k/a Hanife Kabashi,
                                        Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75-929-181

_____

Submitted Under Third Circuit LAR 34.1(a)
on January 3, 2008

Before: FUENTES, JORDAN, Circuit Judges, and DUBOIS,* District Judge.

(Filed:  March 19, 2008)

_____

OPINION

_____

_____

   * Honorable Jan E. DuBois, Senior District Judge for the United States District
Court of the Eastern District of Pennsylvania, sitting by designation.

FUENTES, <u>Circuit Judge</u>.

For the second time, Petitioner Zyrafete Bajraktari, an ethnic Albanian, petitions this Court for review of the BIA's denial of her motion to reopen proceedings based on ineffective assistance of counsel. For a period spanning seven years, Bajraktari has sought to reopen her proceedings, retaining four separate attorneys and filing numerous motions to address the merits of her application. For the reasons that follow, we conclude that Bajraktari has exercised due diligence in the pursuit of her claim and we will therefore grant her petition for review of her motion to reopen.

I.

Because we write for the parties, we recite only the facts essential to our decision.[1] After filing an application on February 3, 1999, for political asylum and witholding of removal, Bajraktari appeared on July 7, 1999, at a removal hearing with her lawyer, Martin Vulaj. However, because a translator was not available, the hearing was rescheduled for July 26, 1999. Vulaj, however, failed to inform Bajraktari of the new date which resulted in the Immigration Judge ("IJ") ordering her removal *in absentia*.

Immediately after learning of the *in absentia* order of removal, Bajraktari contacted Vulaj who told her he would file a timely motion to reopen for an additional $300. Despite Bajraktari's payment, Vulaj failed to file the motion to reopen within the

---

[1]For a more complete factual and procedural history, we defer to this Court's opinion in <u>Bajraktari v. Gonzales</u>, 160 Fed. App'x 234 (3d Cir. 2005) (not precedential).

180 day period required by 8 U.S.C. § 1229a. When she learned that Vulaj failed to file the motion to reopen, Bajraktari retained Kieran Both, her second counsel. On October 12, 2000, nine months after her motion to reopen was due, Both informed the immigration court that he had been retained to represent Bajraktari and that she had been ordered removed *in absentia* on July 26, 1999.

On June 21, 2001, Both filed a motion to reopen solely based on changed country conditions (the "first motion to reopen"). Notably, Both failed to include a claim of ineffective counsel against Vulaj for his failure to file a timely motion to reopen or provide an explanation for Bajraktari's failure to appear at the hearing on July 26, 1999. The IJ denied the first motion to reopen as untimely and the BIA affirmed that decision on February 20, 2002.

Shortly thereafter, Bajraktari retained her third attorney, Michael DiRaimondo, who, on October 15, 2002, filed a second motion to reopen based on ineffective representation by both prior attorneys (the "second motion to reopen"). This motion was administratively delayed for four months by the Executive Office for Immigration Review. Once it was reinstated before the IJ, Bajraktari filed a supplemental motion to reopen on April 22, 2003, renewing her ineffective representation claims (the "supplemental motion to reopen"). This motion was ultimately denied by the IJ because it exceeded the allowable motions to reopen and because it was untimely. The BIA affirmed that ruling. Bajraktari timely appealed the BIA's denial of her appeal to this

3

Court.

II.

In December 2005, we granted Bajraktari's initial petition for review and remanded to the BIA to determine whether Bajraktari's counsels's conduct should toll the time limits for filing a motion to reopen *in absentia* orders of removal and, if necessary, whether Bajraktari exercised due diligence in pursuing her claim. See Bajraktari, 160 Fed. App'x at 235. On remand, the BIA vacated its order denying her motion to reopen and reinstated her appeal. The BIA conceded the ineffectiveness of her prior counsel and, although the BIA equitably tolled the untimeliness of Bajraktari's second motion to reopen, it dismissed her appeal because she had not exercised due diligence in pursuing her claims.[2]

In concluding that Bajraktari had not exercised due diligence, the BIA cited several specific examples: 1) the first motion to reopen filed by Both was not based on ineffective assistance of counsel despite Bajraktari's knowledge of the *in absentia* order

---

[2] In concluding that the untimeliness of Bajraktari's second motion to reopen should be equitably tolled, the BIA did not determine how long the 180 day time limit should have been tolled. However, we note that the BIA's dismissal of Bajraktari's appeal of the IJ's denial of her motion to reopen because of her failure to exercise due diligence presumes that the tolling period was not significant to the BIA's determination that Bajraktari did not exercise due diligence during the overall period of delay. See Mahmood v. Gonzales, 427 F.3d 248, 251 (3d Cir. 2005) (holding deadline for filing motion to reopen *in absentia* order of removal on the basis of ineffective assistance of counsel is subject to equitable tolling where an alien exercises due diligence in pursuing her claim).

and Vulaj's failure to file a motion to reopen; 2) the first motion to reopen by Both was not filed within a reasonable time after learning of Vulaj's failure to file the motion; 3) she failed to inform Both of relevant facts, including her *in absentia* order and the ineffective counsel claim, prior to filing the first motion to reopen; and 4) the second motion to reopen filed by DiRaimondo, based on ineffective assistance of counsel, was filed almost two years after the first motion was filed.

III.

Because the denial of a motion to reopen is a final order, we have jurisdiction under 8 U.S.C. § 1252(a). See Sevioan v. Ashcroft, 290 F.3d 166, 171 (3d Cir. 2002). We review the denial of a motion to reopen for abuse of discretion, Xu Yong Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001), and we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law," Sevoian, 290 F.3d at 174 (internal quotation marks omitted). However, we review findings of fact for substantial evidence and, therefore, will not set them aside unless a reasonable fact-finder would be compelled to find to the contrary. See Gabuniya v. Atty.Gen., 463 F.3d 316, 321 (3d Cir. 2006).

On remand, the BIA concluded that Bajraktari failed to inform her counsel of relevant facts, including her *in absentia* order and the ineffective assistance of counsel claim, prior to the filing of the first motion to reopen on June 21, 2001. However, contrary to the BIA's conclusion, the record shows that on October 12, 2000, her second attorney, Both, submitted a letter to the court stating that Bajraktari was ordered removed

*in absentia* on July 26, 1999.  Furthermore, the affidavit Both prepared for Bajraktari to sign and file in support of the first motion to reopen stated that "[t]he reasons that these applications [for relief from removal] were denied is that I did not appear for the hearing."  AR 310.  Thus, Bajraktari must have told Both of the *in absentia* order before he filed her first motion to reopen.

The BIA also found that Bajraktari's first motion to reopen was not filed within a reasonable time after she learned of her first attorney's failure to file the motion. Although that appears to be correct, the failure to file within a reasonable time was the fault of Bajraktari's attorney, Both.  Our review of the record demonstrates, however, that, promptly after learning of her first attorney's deficiency, Bajraktari retained her second attorney, Both.  AR 436.  We believe Bajraktari's conduct immediately following Vulaj's ineffective representation was sufficiently diligent, as was the petitioner's conduct in Ghahremani v. Gonzales, 498 F.3d 993, 1000 (9th Cir. 2007).  In Ghahremani, the Ninth Circuit found that the petitioner had acted with due diligence and was steadfast in pursuit of relief where he continued investigation and hired two other attorneys, in unbroken efforts to retain competent counsel and file his motion to reopen.

We note as well that Both delayed filing the first motion to reopen for nearly eight months after he represented to the court that he had been retained.  Moreover, even though Bajraktari informed Both of her failure to appear at the July 1999 hearing and of the *in absentia* removal order, Both did not include an ineffective assistance of counsel

6

claim in his motion to reopen nor did he inform the court that her first attorney, Vulaj, failed to give her notice of her rescheduled immigration hearing. We believe these facts demonstrate the ineffectiveness of Both's representation, which the BIA incorrectly attributed to Bajraktari as a lack of due diligence. See Ghahremani v. Gonzales, 498 F.3d at 1000 (holding that interim lawyers's failure to inform petitioner of his first lawyer's deficiencies does not undermine petitioner's exercise of due diligence).

Finally, in finding that Bajraktari did not exercise due diligence, the BIA focuses its decision solely on the April 22, 2003, supplemental motion to reopen, inaccurately referring to this as her second motion to reopen. The BIA concluded that Bajraktari did not file any motion to reopen based on ineffective assistance of counsel until April 22, 2003, almost two years after the first motion to reopen was filed.[3] This was not the case, however, as the second motion to reopen was filed six months earlier, in October 2002, through her third lawyer, DiRaimondo, and was based on the ineffectiveness of Bajraktari's prior counsel, Both and Vulaj. This second motion was filed eight months after the BIA affirmed the denial of her first motion. These circumstances support our view that Bajraktari was diligent in seeking to reopen her case on the basis of ineffective assistance of counsel. Moreover, as we stated previously, this second motion to reopen

[3] The BIA states that "it was not until [Bajraktari], represented by yet another attorney, Michael DiRaimondo, filed her second motion to reopen, on April 22, 2003, that she sought to rescind the *in absentia* order." SPA 17. The BIA further emphasized that "the respondent did not file a motion to reopen claiming ineffective assistance of counsel until April 22, 2003, almost 2 years after the filing by Mr. Both of the first motion to reopen." SPA 18.

7

was delayed by the agency for four months because of administrative reasons and not by any reason attributable to Bajraktari.[33]

## IV.

We conclude that Bajraktari has pursued her claims with diligence at all levels, obtaining four lawyers to represent her over seven years to file multiple motions to reopen and to appeal the denials of her motions, all of which was made necessary by the obviously ineffective assistance of counsel that plagued her at the start. Accordingly, we believe that the BIA's conclusions regarding Bajraktari's exercise of due diligence are not supported by substantial evidence.

---

[33] In a letter dated November 12, 2002, the Executive Office for Immigration Review determined that it did not have jurisdiction over the case and forwarded it to the Board of Immigration Appeals. The Executive Office for Immigration Review acknowledged its error and delay stating, "since this was an error with the above court by accepting the motion, we are forwarding it to the appropriate office." (A.R. 87.) On January 22, 2003, the Board of Immigration Appeals found that jurisdiction was vested with the Immigration Court, rather than with the Board of Immigration Appeals, denied the motion to reopen and returned the record to the Immigration Court.