**Bill COPELAND, Plaintiff—Appellant,**

v.

**RYDER SERVICES CORPORATION; Ryder Integrated Logistics Ryder System, Inc., Defendants—Appellees.**

No. 06–56309.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2009.

Filed March 18, 2009.

Veatch Carlson, Los Angeles, CA, for Plaintiff–Appellant.

Thomas R. Kaufman, Esq., Seyfarth Shaw, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: BEEZER, FERNANDEZ and PAEZ, Circuit Judges.

## MEMORANDUM *

Plaintiff Bill Copeland ("Copeland") appeals the district court's grant of summary judgment to defendant Ryder[1] on Copeland's claims that his former employer discriminated against him on the basis of age, disability and his application for workers' compensation benefits in violation of California's Fair Employment and Housing Act ("FEHA"). Copeland also asserts that his employment was terminated in violation of public policy, and that Ryder breached the implied covenant of good faith and fair dealing and intentionally and/or negligently caused him to suffer emotional distress. We have jurisdiction under 28 U.S.C. § 1332 and review the district court's grant of summary judgment de novo, *Hauk v. JP Morgan Chase*

*Bank USA,* 552 F.3d 1114, 1117 (9th Cir. 2009). We affirm.

The parties are familiar with the factual and the procedural history of the case, so we do not repeat them here.

■ Discrimination claims brought under California's FEHA require that "an employee seeking to avoid summary judgment . . . adduce substantial additional evidence [beyond a prima facie showing] from which a trier of fact could infer that the [employer's] articulated reasons for the adverse employment action were untrue or pretextual." *Loggins v. Kaiser Permanente Int'l,* 151 Cal.App.4th 1102, 1113, 60 Cal.Rptr.3d 45 (Ct.App.2007). Ryder asserted that Copeland's termination was a direct result of its uniform adherence to a zero tolerance policy for major preventable accidents. Copeland did not present sufficient evidence to raise a genuine dispute that this explanation was a pretext for unlawful discrimination. *See Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 357, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (2000) (explaining that after an employer proffers a legitimate reason for its employment action, the employee must "point[ ] to evidence which nonetheless raises a rational inference that intentional discrimination occurred").

Ryder's safety manager concluded, and the accident review board unanimously agreed, that the October 1, 2003, accident could have been prevented if Copeland had adequately secured the steel billets to his truck bed. The accident investigation's factual findings, coupled with the extent of property damage to the vehicle, supported an application of Ryder's zero tolerance policy for major preventable accidents.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. The parties dispute the extent to which Ryder Services Corporation and Ryder System,

Inc., were so interrelated with Ryder Integrated Logistics as to be liable on any claim presented in the complaint. Like the district court, we refer to these three entities simply as "Ryder."

Copeland's emphasis on the worn straps and on Corlett's failure to mention his requests for new straps is misplaced for two reasons. Copeland was aware that one of his responsibilities as a truck driver was to ensure that his cargo was adequately secured to the truck bed. Nevertheless, Copeland knowingly used two worn straps to choke the billets even though three or four straps in better condition were available. He offered no explanation why he chose not use these other straps in addition to or in place of the worn straps that secured the billets. More importantly, the issue in this case is not whether Ryder's safety manager and accident review board were ultimately correct in making the preventability determination. That an employer acts incorrectly, unwisely or based on a factual mistake does not, in itself, demonstrate that the employer was motivated by an improper ground. *See Guz,* 24 Cal.4th at 360–62, 100 Cal.Rptr.2d 352, 8 P.3d 1089. As the California Supreme Court has explained, "[w]hile the objective soundness of an employer's proffered reasons supports their credibility, the ultimate issue is simply whether the employer acted with *a motive to discriminate illegally." Id.* at 358, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (internal citation omitted; emphasis in original).

As explained by the district court, Copeland presented meager evidence that Ryder discriminated against him on the basis of age, disability or his application for workers' compensation. Copeland presented evidence that he suffered from disabling injuries, was 60 years old, was called "the old guy" by his coworkers, and heard a stray remark about retirement during the accident review board hearing. The Icard and O'Brien statements about workers' compensation were isolated comments not related to the decision to terminate Copeland's employment, so they add little, if any, support to Copeland's claim that he was discriminated against on the basis of disability or his application for workers' compensation. Weighing against this evidence was (1) Copeland's 2000 accident where he was warned about the importance of securing his cargo, (2) Ryder's consistent application of its zero tolerance policy for major preventable accidents and (3) the reasonable conclusions by the safety manager and the accident review board that the billets were not adequately secured.

There is insufficient evidence from which a fact finder could conclude that Copeland's termination was motivated by age or disability discrimination or by his application for workers' compensation.

■ Copeland's claim for wrongful discharge based upon public policy fails because his underlying FEHA claims fail. *See Muller v. Auto. Club of So. Cal.,* 61 Cal.App.4th 431, 450–51, 71 Cal.Rptr.2d 573 (Ct.App.1998). As explained by the district court, Copeland presented insufficient evidence to support a finding that Ryder discriminated against him on the basis of age, disability or his application for workers' compensation benefits, or acted in a way contrary to the public policy of California.

Copeland's complaint also raises claims of breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress and negligent infliction of emotional distress. Copeland's opening brief does not advance arguments specific to these three claims. Thus, any claim of error related to these issues has been waived. *See Ghahremani v. Gonzales,* 498 F.3d 993, 997–98 & n. 3 (9th Cir.2007).

**AFFIRMED.**