Armando **SAMPERIO–LOPEZ,** Petitioner,

v.

Eric H. **HOLDER, Jr.,** Attorney General, Respondent.

No. 04–76587.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 6, 2009.

Jaime Jasso, Esq., California Alien Rights Project, LLC Immigration Appealsworks, Westlake Village, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., Richard M. Evans, Esq., Peter D. Keisler, Esq., M. Jocelyn Lopez Wright, Esq., Paul Fiorino, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Armando Samperio–Lopez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to re-open removal proceedings based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. *Ghahremani v. Gonzales,* 498 F.3d 993, 998 (9th Cir.2007). We review for abuse of discretion the denial of a motion to reopen, *Castillo–Perez v. INS,* 212 F.3d 518, 523 (9th Cir.2000), and we grant the petition for review and remand for further proceedings.

The BIA denied Samperio–Lopez's motion to reopen in part because Samperio Lopez failed to comply fully with the procedural requirements contained in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988). However, where the record demonstrates a clear and obvious case of ineffective assistance, full compliance with *Lozada* may be excused. *See Castillo–Perez,* 212 F.3d at 525–26; *see also Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1227 (9th Cir.2002) (attorney's failure to file a timely application for relief presents a "clear and obvious case of ineffective assistance"). Samperio–Lopez has substantially complied with *Lozada* by demonstrating that an adequate record exists to examine his claim and that his complaint is a legitimate and substantial one. The BIA erred when it determined otherwise. *See Castillo–Perez,* 212 F.3d at 526.

The BIA also determined that Samperio–Lopez cannot establish prejudice because his failure to provide fingerprints in advance of his removal hearing was a sufficient ground to deem his relief application abandoned. The BIA, however, did not have the benefit of our intervening decision in *Cui v. Mukasey,* 538 F.3d 1289 (9th Cir.2008), which held that the denial of a continuance for fingerprint processing prior to April 2005 may be an abuse of discretion. *See also Karapetyan v. Mukasey,* 543 F.3d 1118, 1129–32 (9th Cir.2008).

We therefore remand for the BIA to reconsider Samperio Lopez's motion to reopen.

**PETITION FOR REVIEW GRANTED; REMANDED.**