MEMORANDUM **
Wilman Ramiro Cano-Villatoro, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying his motion to reopen based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and de novo claims of due process viola *918 tions in immigration proceedings. Mohammed v. Gonzales, 400 F.3d 785, 791-92 (9th Cir.2005). We grant in part and deny in part the petition for review, and remand.
The BIA abused its discretion when it concluded that Cano-Villatoro failed to exercise the due diligence required for equitable tolling of the 90-day motions deadline. See Ghahremani v. Gonzales, 498 F.3d 993, 1000 (9th Cir.2007) (due diligence where petitioner repeatedly sought new counsel in pursuit of relief). Cano-Villatoro and his wife diligently pursued relief from removal from eight attorneys over a period of three years. See Albillo-DeLeon v. Gonzales, 410 F.3d 1090, 1099-1100 (9th Cir.2005) (the limitations period is tolled until the petitioner “definitively learns” of counsel’s fraud).
We agree with the BIA’s determination that former counsel’s failure to advise Cano-Villatoro to marry his United States citizen girlfriend did not render the proceedings fundamentally unfair, because the alleged ineffective assistance falls outside of the scope of the hearing. See Balam-Chuc v. Mukasey, 547 F.3d 1044, 1050-51 (9th Cir.2008).
However, the BIA failed to address Cano-Villatoro’s contentions that former counsel’s failure to adequately prepare him for his hearing before the immigration judge, failure to file briefs before the BIA and this court, and unauthorized practice of law prevented Cano-Villatoro from reasonably presenting his case. See Lin v. Ashcroft, 377 F.3d 1014, 1027 (9th Cir.2004). We therefore remand to the BIA for consideration of these claims in the first instance.
The parties shall each bear their own costs for this petition for review.
PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.