**Fatai OLADEJO, a/k/a Faith Oladejo, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 08–3043.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) on March 19, 2010.

Filed March 19, 2010.

Fatai Oladejo, Houston, TX, pro se.

Tracy C. Udenwagu, Esq., Houston, TX, for Petitioner.

Sharon M. Clay, Esq., Richard M. Evans, Esq., Allen W. Hausman, Esq., United States Department of Justice, Office of Immigration Litigation, Civil Division, for Respondent.

Before: FUENTES, WEIS and GARTH, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Faith Oladejo petitions for review of an order of the Board of Immigration Appeals (BIA), which denied his third motion to reopen his removal proceedings. We will grant the petition for review.

---

Oladejo, a native and citizen of Nigeria, entered the United States in 1989 without permission. About four years later, he filed an asylum claim, based on a fear of persecution because of his conversion from Islam to Christianity. On February 21, 2001, an Immigration Judge (IJ) found him removable as charged and denied relief, but granted voluntary departure. The Board of Immigration Appeals (BIA) dismissed his appeal on November 28, 2003.

Oladejo filed a motion to reopen in March 2005, claiming neither he nor counsel had received the BIA's 2003 decision. On May 10, 2005, the BIA denied the motion as untimely, discounting the allegation that the decision had not been received. Oladejo, proceeding *pro se,* filed a second motion to reopen in February 2007, alleging that the time period for filing a motion to reopen should be equitably tolled because of the ineffectiveness of counsel.[1] The BIA denied the second motion on June 25, 2007, noting that equitable tolling was unavailable because Oladejo had failed to exercise due diligence, since he had done nothing for about two years after learning that his first motion to reopen had been denied. Oladejo filed a motion for reconsideration of that decision, which the BIA denied on November 29, 2007. Proceeding with new counsel, Oladejo then filed a third motion to reopen on February 1, 2008. The BIA denied the third motion to reopen on March 11, 2008, noting that Oladejo had given more specific facts regarding the ineffectiveness of prior counsel, but that he had failed to attribute his delay to that ineffectiveness.[2]

On March 21, 2008, Oladejo filed a petition for review and motion for stay of removal in the United States Court of Appeals for the Fifth Circuit. That Court transferred the case to the United States Court of Appeals for the Second Circuit, which eventually transferred the case here.

The decision to deny a motion to reopen is within the Board's discretion. *See* 8 C.F.R. § 1003.2(a); *Lu v. Ashcroft,* 259 F.3d 127, 131 (3d Cir.2001). The deadline for filing a motion to reopen may be equitably tolled by an ineffective assistance of counsel claim. *See Borges v. Gonzales,* 402 F.3d 398, 407 (3d Cir.2005). Oladejo relied on his first attorney's advice to continue pursuing adjustment of status through his wife, who was a permanent resident. Oladejo's church also filed a petition for Special Immigrant–Religious Worker on his behalf.[3] Although Oladejo's attorney eventually informed him of the BIA's denial of his appeal in 2005, and attempted to reopen the proceedings, the attorney did not explain to Oladejo the consequences of that denial once the BIA denied the motion to reopen. Oladejo continued to diligently pursue his attempts to adjust his status, unaware that the denial of his motion to reopen would preclude adjustment. Oladejo only became aware of the consequences when he received a letter from the agency informing him that his application for permanent residence based on his wife's petition was denied because of the removal order against him, at which time he again asked the Board to reopen.[4] *See Ghahremani v. Gonzales,*

---

1. We note that Oladejo complied with the procedural requirements of *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), in establishing his claim that counsel was ineffective.

2. The BIA denied a motion for reconsideration of the March decision on May 2, 2008. That order is not at issue here.

3. The church's petition was approved on January 20, 2004.

4. In his emergency motion to stay removal, which we granted on Feb. 19, 2010, Oladejo stated for the first time that his wife had since become an American citizen, and had filed an I–130 Petition on his behalf.

498 F.3d 993, 999 (9th Cir.2007) (limitations period tolled until petitioner definitively learns of counsel's unreasonable performance).

We hold that the Board erred in finding that Oladejo "fail[ed] to attribute the delay in pursuing reopening to ineffective assistance." A.R. 2. Indeed, it was because his attorney failed to explain the process to him that he continued to pursue adjustment of status in vain, rather than moving again to reopen. We will therefore grant the petition for review and remand to the BIA for further proceedings. The Clerk is directed to issue the mandate forthwith.