**NOT FOR PUBLICATION**

FILED

JUN 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| LIHUAN SUN, aka Song Hui Kim, | No. 06-70894 |
| Petitioner, | Agency No. A078-440-854 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2010[**]
Pasadena, California

Before: GOODWIN and RAWLINSON, Circuit Judges; and BENNETT, District Judge.[***]

Lihuan Sun (Sun), also known as Song Hui Kim, a native of China and a citizen of North Korea, petitions for review of the Board of Immigration Appeals'

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Mark W. Bennett, U.S. District Judge for the Northern District of Iowa, sitting by designation.

(BIA) decision affirming the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

**1.** Substantial evidence supports the adverse credibility determination. Sun's omission from her asylum application of the arrest at a family church meeting was not a "failure to remember non-material, trivial details that were only incidentally related to her claim of persecution." *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005) (citations omitted). Sun waived any challenges to the IJ's adverse credibility finding concerning her forced abortion. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007) ("Issues raised in a brief that are not supported by argument are deemed abandoned.") (citation omitted).

**2.** Since Sun's testimony was not deemed credible to grant relief, this court would have to conclude that the pertinent country reports compel the conclusion that Sun is more likely than not to be tortured if removed to China. *See Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010). However, those country reports do not indicate that Sun "would face any particular threat of torture beyond that of which all citizens of [China] are at risk." *Dhital v. Mukasey*, 532 F.3d 1044,

2

1051–52 (9th Cir. 2008) (citation omitted).  Substantial evidence supports the

BIA's decision to affirm the IJ's denial of Sun's application for CAT relief.  *See id.*

**PETITION FOR REVIEW DENIED.**