**Arturo LOPEZ GUITIERREZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–70078.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 21, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mario Acosta, Jr., Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM **

Arturo Lopez Guitierrez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his motion to reopen based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Lopez Guitierrez's motion to reopen as untimely because he filed the motion more than ten years after the IJ's November 14, 1996, order, *see* 8 C.F.R. § 1003.23(b)(4)(iii), and Lopez Guitierrez failed to establish that he acted with the due diligence required for equitable tolling, *see Iturribarria*, 321 F.3d at 897; *cf. Ghahremani v. Gonzales*, 498 F.3d 993, 1000 (9th Cir.2007) (due diligence where petitioner made "unbroken efforts" to remedy his immigration status).

Lopez Guitierrez also argues that the BIA ignored his request to reopen sua sponte. We lack jurisdiction to review the BIA's refusal to reopen removal proceedings sua sponte. *See Toufighi v. Mukasey*, 538 F.3d 988, 993 n. 8 (9th Cir.2008).

We lack jurisdiction to review Lopez Guitierrez's contention regarding his underlying removal order because he did not exhaust that contention before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

Lopez Guitierrez's remaining contention is not persuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.