**Luisa DELEON–GRAMAJO, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–72778.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 29, 2010.

Lamar Peckham, Law Office of Lamar Peckham, Santa Rosa, CA, for Petitioner.

Craig Alan Newell, Jr., Esquire, Trial, Emily Anne Radford, DOJ—U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Luisa Deleon–Gramajo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her motion to reopen deportation proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and de novo questions of law and claims of due process violations. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The agency did not abuse its discretion in denying Deleon–Gramajo's motion as untimely because it was filed almost 17 years after the final administrative order, *see* 8 C.F.R. § 1003.23(b)(1), and Deleon–Gramajo failed to establish she acted with the due diligence required for equitable tolling of the filing deadline, *see Iturribarria v. I.N.S.,* 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling is available to a petitioner who is prevented from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances); *cf. Ghahremani v. Gonzales,* 498 F.3d 993, 1000 (9th Cir.2007) (due diligence established where petitioner demonstrates "steadfast pursuit" of her case). We therefore do not reach Deleon–Gramajo's contentions related to her former counsel's alleged ineffective assistance.

The IJ properly determined that Deleon–Gramajo abandoned her application for asylum because it was not filed by the IJ's August 18, 1990, deadline. *See* 8 C.F.R. § 1003.31(c) (IJ may set filing deadlines and deem waived an application not filed by the deadline). It follows therefore that Deleon–Gramajo's due process rights were not violated. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.