# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PARVIZ GHAHREMANI,
                    *Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,
                    *Respondent.*

No. 04-71072

Agency No.
A72-925-604

PARVIZ GHAHREMANI,
                    *Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,
                    *Respondent.*

No. 04-75361

Agency No.
A72-925-604

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 7, 2006—Pasadena, California

Filed August 17, 2007

Before: Harry Pregerson, Barry G. Silverman, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Tallman

**COUNSEL**

Erin J. Quinn, Aruna Sury, San Francisco, California, for the petitioner.

Michael Jack Haney, Ryan W. Bounds, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, for the respondent.

**OPINION**

TALLMAN, Circuit Judge:

In this consolidated case, Parviz Ghahremani seeks review of the Board of Immigration Appeals' ("BIA") separate denials of his motions to reconsider (No. 04-71072) and reopen (No. 04-75361) his immigration proceedings. After multiple hearings before an immigration judge ("IJ"), Ghahremani was found removable for having committed an aggravated felony and two crimes of moral turpitude arising out of separate schemes. Following an unsuccessful appeal to the BIA, Ghahremani filed a motion to reconsider, which was denied. He subsequently filed a motion to reopen, alleging that his original counsel provided ineffective assistance, and the BIA denied his motion as untimely. Ghahremani now petitions for appellate review of the BIA's denials. We deny his petition

for review as to the motion to reconsider and grant his petition for review as to the motion to reopen.

I

Ghahremani is a native and citizen of Iran who first entered the United States on October 5, 1990. On August 31, 1995, Ghahremani adjusted his status to lawful permanent resident. His wife and three adult children are also admitted as lawful permanent residents.

On April 2, 1996, Ghahremani pled no contest to and was convicted in California's Orange County Superior Court of "Making a Writing to Support a Fraudulent Claim" and "Making a Fraudulent Statement to Obtain Compensation." Based on these convictions, the former Immigration and Naturalization Service ("INS") commenced deportation proceedings against Ghahremani, charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(ii) & (iii) because his crimes included an aggravated felony and two crimes involving moral turpitude stemming from separate schemes.

Over the next five years, Ghahremani appeared at fourteen hearings before an immigration judge ("IJ"). Throughout the bulk of the hearings, John Channels represented Ghahremani; however, on October 18, 2000, Kazbek Soobzokov entered his appearance on behalf of Ghahremani and continued representation throughout the remainder of his proceedings before the IJ. Prior to Soobzokov replacing Channels, Ghahremani filed applications for asylum, withholding of deportation, and protection under the Convention Against Torture ("CAT"). Subsequently, Soobzokov filed an application for a waiver of inadmissibility under 8 U.S.C. § 1182(c) (repealed 1996) ("§ 212(c) waiver").

At the conclusion of Ghahremani's last hearing on October 16, 2001, the IJ rendered an oral decision finding Ghahremani removable as an aggravated felon and for having committed

two independent crimes of moral turpitude; the IJ also denied Ghahremani's application for § 212(c) waiver and his applications for asylum and protection under the Convention Against Torture. The IJ pretermitted Ghahremani's application for a § 212(c) waiver because he did not believe Ghahremani met the continued residency requirement; however, he heard argument on the merits of the application and concluded that he would deny discretionary relief even if Ghahremani were later deemed eligible. In addition, the IJ granted Ghahremani's application for withholding of removal to Iran, and ordered that he be removed to any country but Iran.

After Soobzokov filed Ghahremani's Notice of Appeal, Ghahremani retained new counsel, Nadia Farah. On appeal to the BIA, Ghahremani—through Farah—argued that he was eligible for § 212(c) relief and that the IJ erred in not granting him CAT protection. On July 16, 2003, the BIA affirmed the IJ's decision and dismissed the appeal, finding inter alia that even though the IJ erred in finding that Ghahremani did not satisfy the residency requirement for § 212(c) relief, the IJ's decision to deny relief on discretionary grounds was not erroneous.

Subsequently, Farah filed a motion to reconsider, challenging the finding that Ghahremani had not shown remorse for his crimes. The BIA dismissed this motion on February 5, 2004, and Ghahremani, represented by yet another lawyer, David Diaz, filed a petition for review of the denial in this court on March 8, 2004.

In April 2004, Parmjeet Kaur Randhawa began representing Ghahremani. On May 28, 2004, Randhawa filed a motion to reopen, alleging Soobzokov's ineffective assistance in his efforts to seek the § 212(c) waiver of inadmissibility.[1] In a

---

[1]Unlike a motion to reconsider, which challenges the BIA's legal conclusions based on the record before it, *see* 8 C.F.R. § 1003.2(b)(1), a motion to reopen alleges new facts that bear upon the agency's earlier decision, *see id.* § 1003.2(c)(1).

sworn affidavit submitted with his motion to reopen, Ghahremani asserted that although Soobzokov filed an application for § 212(c) relief, the lawyer failed wholly to prepare him for his master calendar hearing. Soobzokov provided no instruction regarding Ghahremani's testimony about his convictions for insurance fraud. Nor did he make clear that Ghahremani and his family could submit affidavits to bolster a finding of good moral character. Instead, Soobzokov spent the entirety of his time with Ghahremani—apparently no more than an hour—preparing Ghahremani to testify in support of his applications for withholding of removal and relief under the Convention Against Torture. Significantly, Ghahremani swore that he did not learn of the deficiencies in Soobzokov's representation until he met with Randhawa—i.e., despite seeking assistance from both Farah and Diaz, neither alerted Ghahremani to Soobzokov's alleged failings.

On September 22, 2004, the BIA denied the motion to reopen as untimely and found that the ninety-day filing deadline should not be equitably tolled because Ghahremani had not demonstrated the requisite due diligence.[2] Ghahremani filed a timely petition for review of the BIA's denial of his motion to reopen, and we subsequently consolidated this second appeal with the first appeal of the BIA's denial of Ghahremani's motion to reconsider.

## II

We review the denial of a motion to reconsider or reopen for an abuse of discretion. *See Barroso v. Gonzales*, 429 F.3d 1195, 1200 (9th Cir. 2005). A reviewing court "must uphold the Board's ruling unless it acted arbitrarily, irrationally, or contrary to law." *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004) (internal quotation marks and alteration omit-

---

[2]This decision was originally issued on September 1, 2004, but was reissued on September 22, 2004, because the original order was not delivered due to a clerical error.

ted), *amended by* 404 F.3d 1105 (9th Cir. 2005). A reviewing court determines its jurisdiction de novo. *Ruiz-Morales v. Ashcroft*, 361 F.3d 1219, 1220 (9th Cir. 2004).

## III

**[1]** Although Ghahremani filed a timely appeal from the BIA's denial of his motion to reconsider, he made no effort to show why the denial was an abuse of discretion. In his opening brief, Ghahremani mentions the motion to reconsider only three times and each time only in passing. Indeed, even after the government highlighted this deficiency, Ghahremani failed to argue the issue (or even acknowledge the government's contention).[3] "Issues raised in a brief that are not supported by argument are deemed abandoned. Furthermore, an issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived." *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (citations omitted). Thus, Ghahremani has waived his challenge to the denial of his motion to reconsider, and we deny his petition for review in No. 04-71072. *See id.*, 94 F.3d at 1260.

## IV

## A

Before addressing Ghahremani's claim that the BIA abused its discretion by denying as untimely his motion to reopen, we must first consider whether we have jurisdiction over his appeal in No. 04-75361. Ghahremani was found removable for (1) having committed two crimes of moral turpitude not

---

[3]Even if Ghahremani had argued the denial of his motion to reconsider in his reply brief, we would not be required to address it. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("The general rule is that appellants cannot raise a new issue for the first time in their reply briefs." (internal quotation marks omitted)).

arising out of the same scheme and (2) having committed an aggravated felony.[4] *See* 8 U.S.C. § 1227(a)(2)(A)(ii), (iii). Generally, appellate courts do not have jurisdiction to revisit final orders of removal against an alien who is removable by reason of having committed either of these offenses. *See id.* § 1252(a)(2)(C).[5] However, pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, appellate courts now retain jurisdiction to review constitutional claims and questions of law regardless of the underlying offense. *See* 8 U.S.C. § 1252(a)(2)(D).

In *Ramadan v. Gonzales*, 479 F.3d 646 (9th Cir. 2007) (per curiam), we analyzed the breadth of "question of law" and held that Congress intended the term as used in 8 U.S.C. § 1252(a)(2)(D) to include mixed questions of law and fact. *Id.* at 654 (concluding that "the phrase 'questions of law' as it is used in section 106 of the Real ID Act includes review of the application of statutes and regulations to undisputed historical facts" (footnote omitted)). Where the relevant facts are undisputed, creating a mixed question of law and fact, jurisdiction would be proper under our reasoning in *Ramadan*. The question, then, becomes whether Ghahremani has raised a constitutional claim, a question of law, or a mixed question

---

[4]Ghahremani has never challenged the IJ's determination that his convictions qualified as crimes of moral turpitude or aggravated felonies. On direct appeal to the BIA, in his motions to reconsider and reopen, and in his petitions for review before us, Ghahremani has argued issues relating to discretionary relief and nothing more.

[5]It makes no difference that Ghahremani is seeking review of the BIA's denial of his motion to reopen—and not his original final order of removal. *See Sarmadi v. INS*, 121 F.3d 1319, 1321 (9th Cir. 1997) ("[W]ithdrawal of judicial review over final orders of deportation also withdraws jurisdiction from motions to reconsider or to reopen deportation proceedings for those aliens deportable for having committed a crime enumerated in the statute."); *id.* at 1322 ("[W]here Congress explicitly withdraws our jurisdiction to review a final order of deportation, our authority to review motions to reconsider or to reopen deportation proceedings is thereby likewise withdrawn.").

of law and fact sufficient to invoke appellate jurisdiction under 8 U.S.C. § 1252(a)(2)(D).

**[2]** Until now we have never had occasion to address the proper legal or factual characterization of the due diligence inquiry in the motion to reopen context.[6] *Ramadan* makes clear, however, that even if our inquiry would entail reviewing an inherently factual dispute, appellate jurisdiction is preserved under 8 U.S.C. § 1252(a)(2)(D) so long as the relevant facts are undisputed. This case presents such a situation. Central to Ghahremani's argument that he exercised due diligence is the question of when he learned of Soobzokov's alleged ineffectiveness. Ghahremani has sworn that, despite engaging two other lawyers in the interim, he had no idea of Soobzokov's deficiencies until he contacted Randhawa. The government on appeal argues that Ghahremani's assertion is implausible and that he must have known sooner. Our case law establishes, however, that the BIA was under an affirma-

---

[6]The government's jurisdictional argument relies primarily on the First Circuit's recent decision in *Boakai v. Gonzales*, 447 F.3d 1 (1st Cir. 2006). Facing a similar situation, the *Boakai* court held that a petition for review did not raise a question of law within the meaning of 8 U.S.C. § 1252(a)(2)(D), where the petition merely challenged the BIA's determination that the petitioner had not exercised due diligence in pursuing his rights and was therefore not entitled to equitable tolling of the ninety-day filing deadline for motions to reopen. *Id.* at 4 ("The narrow issue before us is whether . . . Boakai's challenge to the BIA's decision not to grant [equitable] tolling presents a "question of law" within the meaning of the REAL ID Act. The answer is plainly no. Boakai does not question the legal standard for equitable tolling. The only issue he raises before us is one of fact. The BIA relied on a factual determination that Boakai had not exercised due diligence, and Boakai simply disagrees, arguing that he did in fact exercise due diligence. We have no jurisdiction to review this sort of challenge to a denial of a motion to reopen." (citation omitted)); *see also Patel v. Gonzales*, 442 F.3d 1011, 1016 (7th Cir. 2006) (characterizing petitioner's challenge to the BIA's due diligence determination as a "factual disagreement"). However, because the *Boakai* and *Patel* courts did not have the benefit of our holding in *Ramadan*, which preserved jurisdiction over mixed questions of law and fact, those cases are inapplicable to the situation before us.

tive obligation to "accept as true the facts stated in [Ghahremani's] affidavit in ruling upon his motion to reopen unless it finds those facts to be inherently unbelievable." *Maroufi v. INS*, 772 F.2d 597, 600 (9th Cir. 1985) (internal quotation marks omitted); *see also Celis-Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002). The Board made no such finding that the factual statements included in Ghahremani's sworn affidavit were unbelievable. Thus, reviewing the BIA's decision we too must accept as true—and therefore indisputable—the fact that Ghahremani did not learn of Soobzokov's failings until he spoke with Randhawa.

**[3]** The remaining facts relevant to the due diligence inquiry—such as the dates on which Ghahremani retained his various lawyers and filed his motions to reconsider and reopen—are also uncontested matters of historical record. As a result, the due diligence question necessarily falls within *Ramadan*'s ambit as a mixed question of law and fact, requiring merely that we apply the legal standard for equitable tolling to established facts. Jurisdiction therefore is proper under 8 U.S.C. § 1252(a)(2)(D).

## B

**[4]** Having established jurisdiction, we turn to the merits of Ghahremani's argument that equitable tolling is proper in this case. In general, a motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(I); 8 C.F.R. § 1003.2(c)(2). However, we "recognize[ ] equitable tolling of deadlines . . . during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003); *see also Rodriguez-Lariz v. INS*, 282 F.3d 1218 (9th Cir. 2002). Equitable tolling is available where "despite all due diligence, the party invoking the [doctrine] is unable to obtain vital information bearing on the existence of

the claim." *Socop-Gonzales v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (internal quotation marks omitted). "The party's ignorance of the necessary information must have been caused by circumstances beyond the party's control." *Valeriano v. Gonzales*, 474 F.3d 669, 673 (9th Cir. 2007) (internal quotation marks and citation omitted). Moreover, the limitations period is tolled until the petitioner "definitively learns" of counsel's defectiveness. *See Singh v. Gonzales*, No. 05-55933, ___ F.3d ___, 2007 WL 1805553, at * 5 (9th Cir. June 25, 2007) (citing *Albillo-DeLeon v. Gonzales*, 410 F.3d 1090, 1100 (9th Cir. 2005)).

**[5]** Accepting as true Ghahremani's assertion that he did not definitively learn of Soobzokov's errors until he met with Randhawa, we must determine whether he acted with due diligence between the time he parted company with Soobzokov and the time he met with Randhawa. *See id.* ("The more difficult question is whether Singh acted with due diligence to definitively learn of the fraud after he became suspicious of the fraud."). We hold that he did. At no point following his association with Soobzokov did Ghahremani fail to investigate and pursue relief from removal. The fact that he hired Farah and Diaz illustrates a paradigmatic case of due diligence. Unlike the petitioner in *Singh*, who provided no evidence of due diligence between the time he became suspicious of his first lawyer's actions and the time he contacted competent counsel six months later, *see id.*, Ghahremani has demonstrated a steadfast pursuit of his case throughout proceedings before the agency.[7] That neither Farah nor Diaz provided Ghahremani with the "vital information" concerning Soobzokov's deficiencies does not undermine

---

[7]Ghahremani's complete ignorance of Soobzokov's shortcomings provides even starker contrast to *Singh*, where the petitioner actually suspected his first lawyer had acted fraudulently but apparently took no action for close to six months. Despite his unawareness, Ghahremani actively sought assistance during the seven months between the issuance of his final order of removal and Randhawa's filing of his motion to reopen.

Ghahremani's exercise of due diligence. The fact remains that during the relevant time period, Ghahremani made great efforts to obtain relief. Thus, Ghahremani's unbroken efforts to retain competent counsel and file a motion to reopen bring this case in line with other cases where we have allowed equitable tolling of the ninety-day deadline. *See, e.g.*, *Albillo-DeLeon*, 410 F.3d at 1094, 1099 (allowing equitable tolling where petitioner filed a Freedom of Information Act request for his case file immediately after he became concerned about his lawyer's performance); *Iturribarria*, 321 F.3d at 899 (holding that equitable tolling was appropriate where the petitioner retained new counsel and quickly filed a motion to reopen); *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1225 (9th Cir. 2002) (noting the petitioner's promptness in obtaining competent counsel).

[6] We hold that Ghahremani exercised due diligence during the period prior to when he definitively learned of Soobzokov's potential ineffectiveness. The ninety-day filing deadline therefore should have been begun to run on April 1, 2004.[8] Ghahremani's motion to reopen, which was filed on May 28, 2004, less than ninety days later, was therefore timely and we must grant the petition for review in No. 04-75361.

## V

We conclude that Ghahremani has waived his challenge to the BIA's denial of his motion to reconsider by failing to put forth any argument in support of his position. Furthermore, because Ghahremani's appeal raises a mixed question of law and fact, we retain jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review the BIA's denial of his motion to reopen. By denying Ghahremani's motion to reopen as

---

[8]The record reflects that Ghahremani retained Randhawa in "April 2004" but does not indicate an exact date. Because the specific date in April makes no difference, we have chosen April 1.

untimely despite his demonstrated due diligence in learning of Soobzokov's possible ineffectiveness, the BIA abused its discretion. Whatever merit there may be to Ghahremani's ineffective assistance claim we leave to the Board on remand.

The Petition for Review in No. 04-71072 is **DENIED**. The Petition in No. 04-75361 is **GRANTED** and **REMANDED**.