**Antonius Indra WARDOYO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74640.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 26, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ebby S. Bakhtiar, Esquire, David M. Haghighi, Esquire, VHF Law Group, LLP, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Carol Federighi, Esquire, Senior Litigation Counsel, Donald E. Keener, Esquire, M. Jocelyn Lopez Wright, Esquire, OIL, Alison Drucker, Esquire, U.S. Department of Justice, Washington, D.C., Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SKOPIL, FARRIS, and BEEZER, Circuit Judges.

### MEMORANDUM **

Antonius Indra Wardoyo, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeal's ("BIA") streamlined order affirming an immigration judge's ("IJ's") adverse credibility determination and subsequent denial of asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

We have jurisdiction to review the IJ's credibility determination. Although Wardoyo did not use legal terminology, Wardoyo's *pro se* brief to the BIA sufficiently put the BIA on notice that War-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

doyo challenged the IJ's adverse credibility determination. *See Ladha v. INS,* 215 F.3d 889, 901 n. 13 (9th Cir.2000).

 We review the IJ's credibility determination for substantial evidence and will uphold it unless the evidence compels a contrary conclusion. *See Kaur v. Gonzales,* 418 F.3d 1061, 1064 (9th Cir.2005). Wardoyo testified inconsistently regarding whether the rape of his sister occurred in his home or his family's store, and whether the scene was quiet or chaotic. These inconsistencies go to the heart of his claim and are sufficient to support the IJ's adverse credibility determination. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). In the absence of credible testimony, Wardoyo has failed to establish that he is eligible for asylum and withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

■ Wardoyo has waived any arguments regarding relief under the Convention Against Torture by failing to raise them in his opening brief. *See Ghahremani v. Gonzales,* 498 F.3d 993, 997 (9th Cir.2007).

Wardoyo's contention that he is otherwise entitled to relief because he is a member of a disfavored group that suffers from a pattern of persecution is foreclosed by our decision in *Lolong v. Gonzales,* 484 F.3d 1173, 1178–81 (9th Cir.2007) (en banc).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.