MEMORANDUM **
Gurpreet Khurana, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying her motion to reopen based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and de novo claims of due process violations, including claims of ineffective assistance of counsel in immigration proceedings. Mohammed v. Gonzales, 400 F.3d 785, 791-92 (9th Cir.2005). We grant the petition for review and remand.
The BIA abused its discretion when it concluded that Khurana failed to exercise the due diligence required for equitable tolling of the 90-day motions deadline. See Ghahremani v. Gonzales, 498 F.3d 993, 1000 (9th Cir.2007) (due diligence where petitioner repeatedly sought new counsel in pursuit of relief). Khurana timely retained current counsel after her original petition for review was denied, and filed the motion to reopen within 90 days of her counsel receiving the administrative record and reviewing it with Khurana. See Iturribarria v. INS, 321 F.3d 889, 897 (9th Cir.2003) (motions deadline tolled until petitioner meets with new counsel and reviews file).
We disagree with the BIA’s conclusion that Khurana’s counsels before the IJ and BIA were sufficient. See Mohammed, 400 F.3d at 793 (alien must demonstrate constitutionally deficient counsel and prejudice to prevail on an ineffective assistance *345 of counsel claim). Khurana’s motion to reopen included eight sworn declarations from colleagues, including her attorney and treating physician, detailing her two detentions, beatings, and rape by authorities in India, none of which were requested by her counsel before the IJ. Khurana also submitted medical evidence of post-partum depression, available at the time of the hearing, but neither requested nor obtained by counsel, that may explain some of the inconsistencies in her testimony cited by the IJ. Khurana also submitted a letter from her gurdawara that explains the circumstances and timing of her marriage ceremony.
This failure to effectively document and present the asylum claim before the IJ, and failure of subsequently retained counsel to identify the ineffective assistance of counsel, rendered Khurana’s removal proceedings so fundamentally unfair that the she was prevented from reasonably presenting her case, see Lin v. Ashcroft, 377 F.3d 1014, 1027 (9th Cir.2004), and may have affected the outcome of Khurana’s removal proceeding, see Itunibarria, 321 F.3d at 899-900.
We therefore grant the petition for review, and remand to the BIA.
The government shall bear the costs for this petition for review.
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.