**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOGINDER SINGH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 07-71664<br><br>Agency No. A095-399-773<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 21, 2010[**]
San Francisco, California

Before: HUG, BEEZER and HALL, Circuit Judges.

Joginder Singh ("Singh"), a native and citizen of India, petitions for review

of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an

Immigration Judge's ("IJ") decision ordering him removed from the United States.

Singh had applied for asylum, withholding of removal and relief under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture. The BIA affirmed and adopted the IJ's decision, concluding that the government had sufficiently rebutted the presumption that Singh has a well-founded fear of future persecution if he returns to India.

We have jurisdiction over this matter pursuant to 8 U.S.C. § 1252(a)(1), and we deny Singh's petition.

The facts of this case are known to the parties. We do not repeat them.

# I

"When the BIA affirms and adopts an IJ's decision, [we review] the decision of the IJ." *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009).

We will uphold the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir. 2005) (en banc) (internal quotation marks omitted). Substantial evidence exists "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

# II

Substantial evidence supports the BIA's conclusion that the presumption of a well-founded fear of persecution was sufficiently rebutted.

In order to qualify for asylum, an applicant must demonstrate that he suffered past persecution or has a well-founded fear of future persecution on account of an enumerated ground. *See* 8 U.S.C. § 1101(a)(42)(A). Even when an

alien establishes past persecution, the alien will still be denied asylum relief if the government establishes, by a preponderance of the evidence, that there has been a fundamental change in circumstances such that the alien no longer has a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A) & (ii). Substantial evidence supports a changed circumstances determination when the BIA "rationally construes" the current country conditions and "provides an 'individualized analysis of how changed country conditions will affect the specific petitioner's situation.'" *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir. 2003) (internal citations omitted).

Here, substantial evidence supports the BIA's decision to deny Singh's applications for asylum and withholding of removal.[1] The country condition reports indicate that persecution in the Punjab region on account of Akali Dal Mann membership essentially ended as of the mid-1990s. The record indicates that the IJ thoughtfully considered how these country conditions bore upon Singh individually.

**DENIED.**

---

[1] We do not address the BIA's denial of relief under the Convention Against Torture because Singh waived the issue by not raising it in his petition for review. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007).