FILED

**NOT FOR PUBLICATION**

DEC 09 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN NEPOMUCENO RAMIREZ-GIRALDO, | No. 06-74601 |
| Petitioner, | Agency No. A079-803-041 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2010[**]
San Francisco, California

Before: HUG, D.W. NELSON and McKEOWN, Circuit Judges.

Juan Nepomuceno Ramirez-Giraldo ("petitioner"), a native and citizen of

Colombia, petitions for review of the decision of the Board of Immigration

Appeals ("BIA") adopting and affirming an immigration judge's ("IJ") final order

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal, denying his claims for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. When the "BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA." *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc) (quotations omitted). We review the IJ's findings of fact for substantial evidence. *Monjaraz-Munoz v. INS*, 327 F.3d 892, 895 (9th Cir. 2003). We review the IJ's changed and extraordinary circumstances determinations for substantial evidence. *See Tampubolon v. Holder*, 610 F.3d 1056, 1059 (9th Cir. 2010) (citing *Ramadan v. Gonzales*, 479 F.3d 646, 657 (9th Cir. 2007)); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008).

Even if Ramirez-Giraldo could show deficient performance of counsel, he failed to demonstrate he was prejudiced by such performance because substantial evidence supports the IJ's finding that Ramirez-Giraldo is ineligible for asylum and withholding due to his failure to show a well-founded fear of persecution on account of a protected ground. *See* 8 C.F.R. § 1208.4(a)(5)(iii)*; Strickland v.*

---

[1] Ramirez-Giraldo did not appeal the IJ's denial of his claim for protection under the Convention Against Torture to either the BIA or this court. Any such claims is therefore waived. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007).

*Washington*, 466 U.S. 668, 699-700 (1984); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-47 (9th Cir. 2008).

In addition, the record does not compel a conclusion that Ramirez-Giraldo qualified for the changed country conditions exception to the one-year filing deadline. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007) (per curiam).

**PETITION FOR REVIEW DENIED**.