**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CECILIA MOLINA, | No. 09-70670 |
| Petitioner, | Agency No. A070-938-054 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Cecilia Molina, a native and citizen of Mexico, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her motion to reopen deportation

proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen proceedings to rescind an in absentia deportation order, *Chete Juarez v. Ashcroft*, 376 F.3d 944, 947 (9th Cir. 2004), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Molina's motion to reopen as untimely because she filed the motion almost fourteen years after the issuance of the August 16, 1994, in absentia order, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1) (motion to reopen must be filed within 180 days of deportation order entered in absentia), and Molina failed to demonstrate she acted with the due diligence required to warrant equitable tolling of the filing deadline, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (a petitioner may obtain equitable tolling based on ineffective assistance of counsel as long as she "act[ed] with due diligence in discovering the deception, fraud, or error").

Molina's challenge to the sufficiency of service of the Order to Show Cause ("OSC") fails because the OSC was sent by certified mail to her address of record and Molina signed the return receipt demonstrating she received the OSC. *See Chaidez v. Gonzales*, 486 F.3d 1079, 1085 (9th Cir. 2007).

To the extent Molina challenges the agency's decision not to invoke its sua sponte authority to reopen proceedings, we lack jurisdiction to consider the claim. *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

We deny as moot the government's motion to hold proceedings in abeyance.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.