NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| DJING HWIE LIEM, | ) | No. 07-74240 |
| | ) | |
| Petitioner, | ) | Agency No. A095-634-689 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| ERIC H. HOLDER Jr., Attorney General, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2011[**]
Pasadena, California

Before:     FERNANDEZ, RYMER, and TALLMAN, Circuit Judges.

Djing Hwie Liem, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' denial of his application for withholding of

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

removal,[1] and Convention Against Torture (CAT) relief.[2] We deny the petition.

The BIA's determination that an alien is not eligible for relief must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id.; see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817. The same standard applies to credibility determinations. See Lanza v. Ashcroft, 389 F.3d 917, 933 (9th Cir. 2004); Alvarez-Santos v. INS, 332 F.3d 1245, 1254 (9th Cir. 2003). However, when a determination is based upon credibility, "'a specific, cogent reason'" for

_____

[1] 8 U.S.C. § 1231(b)(3). On appeal Liem does not brief the issue of denial of asylum relief, which was based on his failure to file in a timely fashion. That issue is waived. See Ghahremani v. Gonzales, 498 F.3d 993, 1000 (9th Cir. 2007); Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).

[2] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, Treaty Doc. No. 100–20, 1465 U.N.T.S. 85 implemented at 8 C.F.R. § 1208.18.

disbelieving the alien must be offered. Guo v. Ashcroft, 361 F.3d 1194, 1199 (9th Cir. 2004). Moreover, in this pre-Real ID Act case, the inconsistency must go to the heart of the claim. See Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir. 2004).

Liem asserted that he was persecuted because he was Chinese. We have reviewed the record and we are satisfied that the BIA's decision was supported by substantial evidence.[3] The BIA upheld the IJ's credibility decision and pointed to a number of inconsistencies that went to the heart of Liem's withholding claim, but, of course, only one inconsistency need be shown. See Li, 378 F.3d at 964. For example, Liem's claims of assaults on himself and his wife are rife with inconsistencies which go to the heart of those claims. Thus, we are unable to say that a "reasonable factfinder would have to conclude that the requisite fear of persecution existed." Elias-Zacarias, 502 U.S. at 481, 112 S. Ct. at 815; see also Navas v. INS, 217 F.3d 646, 657 (9th Cir. 2000) .

Because Liem lacked credibility, we need not and do not consider whether he could have shown persecution had he been credible, or whether disfavored

---

[3]Because the BIA deferred to the Immigration Judge's credibility findings and also discussed some of them in detail, we consider both determinations. See Ahmed v. Keisler, 504 F.3d 1183, 1191 (9th Cir. 2007).

3

group analysis would otherwise have made a difference,[4] or whether consideration of a report, not admitted at the hearing, would have affected the decision if he had been credible.[5]

Finally, the evidence in the record does not compel a determination that it is more likely than not that Liem would be tortured in Indonesia. Thus, he is not entitled to CAT relief. See Wakkary, 558 F.3d at 1067–68; Almaghzar v. Gonzales, 457 F.3d 915, 922–23 (9th Cir. 2006); Singh v. Gonzalez, 439 F.3d 1100, 1113 (9th Cir. 2006).

Petition DENIED.

---

[4]See Wakkary v. Holder, 558 F.3d 1049, 1065 (9th Cir. 2009); Sael v. Ashcroft, 386 F.3d 922, 927, 929 (9th Cir. 2004).

[5]See Circu v. Gonzales, 450 F.3d 990, 994–95 (9th Cir. 2006) (en banc); Getachew v. INS, 25 F.3d 841, 845–46 (9th Cir. 1994).