NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

OCT 31 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NIMISH SHIRISH DAVE;
JUI ROHIT PATEL,

    Petitioners,

    v.

ERIC H. HOLDER Jr., Attorney
General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 07-71415

Agency Nos. A079-195-915
           A079-195-916

**MEMORANDUM**[*]

NIMISH SHIRISH DAVE;
JUI ROHIT PATEL,

    Petitioners,

    v.

ERIC H. HOLDER Jr., Attorney
General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 07-72573

Agency Nos. A079-195-915
           A079-195-916

On Petition for Review of an Order of the
Board of Immigration Appeals

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted October 11, 2011[]
Pasadena, California

Before:     FERNANDEZ and CALLAHAN, Circuit Judges, and TIMLIN,[***] District Judge.

Nimish Shirish Dave and Jui Rohit Patel,[1] citizens of Canada, petition for review of the Board of Immigration Appeals' denial of their motion to reopen to consider an application for adjustment of status,[2] and their motion to reconsider that denial.[3] We deny the petitions.

Dave asserts that the BIA erred when it determined that he had not made out a prima facie case for adjustment of status pursuant to 8 U.S.C. § 1255(i)(1), (2). We disagree. Dave failed to present sufficient evidence that he had an approved labor certification. See 8 U.S.C. § 1182(a)(5)(A). Absent that, Dave could not spell out a prima facie case for relief because he needed that in order to obtain an

---

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable Robert J. Timlin, Senior United States District Judge for the Central District of California, sitting by designation.

[1]While Patel filed a separate appeal, no separate arguments are made on her behalf. Thus, we treat her position here as derivative of Dave's and will not refer to her separately. See 8 U.S.C. § 1153(d).

[2]See 8 U.S.C. § 1229a(c)(7)(B).

[3]See 8 U.S.C. § 1229a(c)(6)(C).

immigrant visa,[4] which he, in turn, needed to obtain adjustment of status.[5] The

BIA did not abuse its discretion.  See Edu v. Holder, 624 F.3d 1137, 1142 n.4 (9th

Cir. 2010); Ghahremani v. Gonzales, 498 F.3d 993, 997 (9th Cir. 2007); see also

INS v. Doherty, 502 U.S. 314, 323, 112 S. Ct. 719, 725, 116 L. Ed. 2d 823

(1992).

     Petitions DENIED.

---

[4] 8 U.S.C. § 1153(b)(3)(C).

[5] 8 U.S.C. § 1255(i)(2)(A).