**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARNOLDO PENALOZA, | No. 10-71306 |
| Petitioner, | Agency No. A075-755-350 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Arnoldo Penaloza, a native and citizen of Mexico, petitions for review of an

order of the Board of Immigration Appeals ("BIA") denying his motion to

reconsider the BIA's denial of his earlier motion to reopen based on a claim of

ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the BIA's denial of a motion to reconsider or to reopen, *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007), and review de novo due process claims based on ineffective assistance of counsel, *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). We deny the petition for review.

The BIA did not abuse its discretion by denying Penaloza's motion to reconsider because he did not demonstrate any legal or factual error in the BIA's refusal to reopen his case due to his failure to show that his prior attorney's actions may have prejudiced the outcome of his appellate proceedings. *See Yeghiazaryan v. Gonzales*, 439 F.3d 994, 998 (9th Cir. 2006) ("In filing a motion to reconsider, the petitioner must 'specify[] the errors of fact or law in the prior B[IA] decision . . . .'" (citation omitted)); *Nehad v. Mukasey*, 535 F.3d 962, 967 (9th Cir. 2008) ("Prejudice only results when counsel's performance is 'so inadequate that it may have affected the outcome of the proceedings.'" (citation omitted)).

Because this determination is dispositive of the present petition for review, we need not address Penaloza's remaining contentions regarding his prior attorney's performance or his compliance with the procedural requirements for filing a claim of ineffective assistance of counsel. *See Mendez-Alcaraz v.*

*Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive

challenges to a BIA order).

       **PETITION FOR REVIEW DENIED.**