**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EBER ODAHIR RIVERA-JIMENEZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-70010

Agency No. A098-592-796

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2014[**]
Pasadena, California

Before: D.W. NELSON, PAEZ, and NGUYEN, Circuit Judges.

Eber Odahir Rivera-Jimenez ("Rivera-Jimenez"), a native of Honduras,

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

denying his motion to reconsider a May 28, 2009 decision affirming an

Immigration Judge's ("IJ") denial of his applications for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture (CAT). Reviewing the BIA's denial of the motion to reconsider for abuse of discretion, *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007), we deny the petition for review.

Rivera-Jimenez argues that the BIA abused its discretion in conducting an independent analysis of Rivera-Jimenez's social group claim. This argument is without merit. The BIA is permitted to review de novo questions of law in appeals from the decision of an IJ. 8 C.F.R. § 1003.1(d)(3)(ii); *Brezilien v. Holder*, 569 F.3d 403, 412 n.3 (9th Cir. 2009). Where the BIA conducts a de novo review, "[a]ny error committed by the IJ will be rendered harmless by the Board's application of the correct legal standard." *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995). Here, the BIA acted well within its authority to review Rivera-Jimenez's social group claim de novo and did not abuse its discretion in denying Rivera-Jimenez's motion to reconsider on this ground.

Rivera-Jimenez also argues for the first time on appeal that the IJ and BIA erred in failing to review his claim of past persecution from the perspective of a child, as required by *Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1046 (9th Cir. 2007). Although Rivera-Jimenez was a minor when he was allegedly persecuted, he failed to raise this argument before the BIA when he filed his motion to reconsider. Accordingly, Rivera-Jimenez has not exhausted this legal claim and

the court is without jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *see also*

*Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (holding there is no

jurisdiction to review legal claims not presented by the petitioner before the BIA).

**PETITION DENIED.**