REINHARDT, Circuit Judge,
dissenting:
The majority concludes that Benavidez failed to exercise due diligence in pursuing her claim of ineffective assistance of counsel. To be sure, Benavidez does not specify exactly when she began to suspect that her prior attorney had rendered ineffective assistance of counsel. Her declarations show, however, that once she began having trouble communicating with her former attorney (and therefore to suspect ineffective assistance of counsel) she contacted her current attorney.[1] All the time prior to that contact should be equitably tolled because she reasonably relied on her attorney’s assurances that the BIA erred when it denied her appeal and that he was pursuing an appeal to this Court. See Mejia-Hernandez v. Holder, 683 F.3d 818, 826 (9th Cir.2011).
Following Benavidez’s meeting with her new attorney at or about the end of 2010, it is clear that the new attorney failed for approximately seven months to file a motion to reopen for reasons that may or may not have been justifiable. First, he had trouble obtaining the complete file from Benavidez’s former counsel even though it was his own former law partner who had served in that capacity. Second, he suffered an injury that left him unable to work for roughly a month. In any case, there is no reason to conclude that Benavi-dez was at fault for any of this delay, whether excusable or not. Nothing therefore precludes Benavidez from filing a second motion to reopen based on her new attorney’s failure to file a timely motion to reopen.
When Benavidez became suspicious of her prior counsel’s performance, she contacted another attorney and followed his advice. We cannot ask for more. The unnecessary proliferation of appeals such as will surely occur here is not a desirable way to implement an already dubious system of enforcing our immigration laws. I respectfully dissent.

. For the purposes of a motion to reopen, the BIA (and this Court) must accept all factual allegations in supporting declarations as true unless it finds "those facts to be inherently unbelievable.” Ghahremani v. Gonzales, 498 F.3d 993, 999 (9th Cir.2007) (internal quotation marks omitted).