**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

APR 18 2016

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALA'A KHADER BAIDUN, | No. 13-72459 |
| Petitioner, | Agency No. A036-704-880 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| ALA'A KHADER BAIDUN, | No. 14-72677 |
| Petitioner, | Agency No. A036-704-880 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2016
San Francisco, California

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit Judges.

Ala'a Khader Baidun ("Baidun") petitions for review of the Board of Immigration Appeals' ("BIA") denial of his two motions to reopen and rescind his 2003 in absentia removal order. We deny the petitions in part and dismiss them in part.

**1**. Where a petitioner had notice of the immigration court's removal hearing, an in absentia removal order may be rescinded only upon a motion to reopen filed within 180 days of the date of the order. 8 U.S.C. § 1229a(b)(5)(C). Here, however, Baidun filed his first motion to reopen in 2011, and his second in 2014. Although the 180-day deadline may be equitably tolled, a petitioner invoking equitable tolling must demonstrate that he acted with "due diligence" in pursuing his claim. *See Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193-94 (9th Cir. 2001) (en banc). The BIA did not abuse its discretion by concluding that Baidun did not exhibit due diligence during the eight-year period before the filing of his first motion to reopen, including by waiting nine months after the removal order was

issued before taking his first steps in pursuit of relief.[1]  This factual finding compels the conclusion that the first motion to reopen is untimely.  Because Baidun's first motion to reopen is untimely, his second necessarily is as well.  We therefore deny in part both petitions for review.

**2**. Baidun also claims that the BIA erred by declining to reopen his case *sua sponte*.  Where, as here, the BIA declines to do so, we lack jurisdiction to review that decision.  *Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011).  We therefore dismiss in part Baidun's two petitions.

**DENIED IN PART AND DISMISSED IN PART**.

---

[1] The government argues that, as a result of the criminal alien bar in 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to consider the petitions for review.  Notwithstanding this provision, however, we have jurisdiction to consider questions of law, including the "mixed question[] of law and fact" whether a petitioner exercised due diligence in the equitable tolling context.  *Ghahremani v. Gonzales*, 498 F.3d 993, 998-99 (9th Cir. 2007) (citing 8 U.S.C. § 1252(a)(2)(D)).