**Jagdish KAUR, AKA Jagdish Chahal, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 11-73169**

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *

Filed October 2, 2017

Kalpana V. Peddibhotla, Mathews & Peddibhotla Law Group, PC, Newark, CA, for Petitioner

OIL, Margot L. Carter, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Jagdish Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's order denying her motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

§ 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Kaur's motion to reopen as untimely, where Kaur filed the motion seven years after her final order of removal, and has not demonstrated the due diligence necessary to warrant equitable tolling of the filing deadline. *See* 8 C.F.R. § 1003.23(b)(4)(iii); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from filing a motion to reopen due to deception, fraud, or error, as long as the alien exercises due diligence in discovering such circumstances).

The BIA's due diligence determination did not constitute impermissible factfinding. *See* 8 C.F.R. § 1003.1(d)(3); *Matter of A-S-B-*, 24 I. & N. Dec. 493, 496 (BIA 2008) (clarifying that the BIA retains authority to apply a particular standard of law to the facts); *cf. Ghahremani v. Gonzales*, 498 F.3d 993, 998-99 (9th Cir. 2007) (due diligence inquiry in the motion to reopen context involves the application of law to established facts). We also reject as unsupported by the record Kaur's contention that the BIA made an improper credibility determination.

In light of this disposition, we do not reach Kaur's remaining contentions regarding her compliance with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), the alleged ineffectiveness of prior counsel, prejudice resulting from prior counsel's performance, and whether she established exceptional circumstances excusing her failure to appear at her 2003 hearing. *See Najma-*

*badi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (review is limited to the actual grounds relied upon by the BIA); *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Kaur's motion for judicial notice is denied. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED.**