NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUILLERMO BAYARDO SANDOVAL,

Petitioner,

ALBERTA HERNANDEZ

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   16-73689

Agency No. A095-304-031
           A095-304-032

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2020**
Pasadena, California

Before: WATFORD and BENNETT, Circuit Judges, and RAKOFF,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Petitioners Guillermo Bayardo Sandoval and Alberta Hernandez, natives and citizens of Mexico, seek review of the decision of the Board of Immigration Appeals denying their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252 and "review the Board's denial of a motion to reopen for an abuse of discretion, but review purely legal questions de novo." *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny the petition for review.

The Board did not abuse its discretion in denying the motion to reopen as untimely. Petitioners filed their motion to reopen well outside the statutory 90-day window, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and cannot equitably toll the deadline based on ineffective assistance of counsel because they have not shown due diligence after 2011. For instance, Petitioners did not show due diligence when they failed to follow Attorney Hill's advice that they seek relief when their son turned 21 years old. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (factors for determining whether a petitioner showed due diligence include "whether petitioner took reasonable steps to investigate the suspected fraud or error, or, if petitioner is ignorant of counsel's shortcomings, whether petitioner made reasonable efforts to pursue relief"); *cf. Ghahremani v. Gonzales*, 498 F.3d 993, 1000 (9th Cir. 2007) (diligence shown by continuous investigation, pursuit of

2

relief, and "unbroken efforts to retain competent counsel").[1]

Because the determination regarding equitable tolling is dispositive, we do not reach the merits of petitioners' argument regarding ineffective assistance of counsel. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

The petition for review is **DENIED**.

---

[1] Nor can Petitioners rely on the advice of unnamed attorneys to show diligence. *See Bonilla*, 840 F.3d at 583.