**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AOUA NATOMA OVERTON,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

          Respondent.

No. 22-1249

Agency No.
A096-433-169

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2023[**]
Las Vegas, Nevada

Before: RAWLINSON and OWENS, Circuit Judges, and PREGERSON, District Judge.[***]

     Aoua Natoma Overton ("Overton"), a native and citizen of Mali, petitions

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

for review of a decision from the Board of Immigration Appeals ("BIA") denying her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion and will uphold the BIA's decision unless it acted "arbitrarily, irrationally, or contrary to law." *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007) (citation omitted). We deny the petition for review.

Generally, a movant is limited to one motion to reopen, which must be filed "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, equitable tolling of the deadlines and numerical limits for a motion to reopen is "available when a petitioner is prevented from filing because of deception, fraud, or error, which includes receiving ineffective assistance of counsel, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Perez-Camacho v. Garland*, 54 F.4th 597, 606 (9th Cir. 2022) (citation and internal quotation marks omitted). The equitable tolling period ends when the petitioner "definitively learns of the harm resulting from counsel's deficiency, or obtains 'vital information bearing on the existence of [the] claim.'" *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (citation omitted). In many cases, equitable tolling ceases when the movant "obtains a complete record of his immigration proceedings and is able to review that information with competent counsel." *Id.*

2                                                                      22-1249

Overton definitively learned of potential ineffective assistance by prior counsels on November 12, 2018, when she met with current counsel and "[he] explained [his] initial conclusions to [Overton] and explained that [he] would now be recommending that she file a motion to reopen based on multiple grounds including based on deficient performance of [her] prior counsels." The supplemental evidence and argument submitted to the BIA to support the motion to reopen specifically states, "[Overton] definitively learned of prior counsels' errors on November 12, 2018 . . . ." However, Overton did not file her motion to reopen until February 21, 2019. We agree with the BIA's determination that "[e]ven if the filing deadline were tolled until discovery of the alleged ineffectiveness, [the motion to reopen] would still be untimely," as it was filed more than 90 days after Overton learned of prior counsels' alleged ineffective assistance.

To the extent that Overton now argues that tolling is warranted until some other unspecified date, this argument was never presented to the BIA and is, therefore, waived. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023) (holding that, although 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is not jurisdictional, it is still subject to the rules regarding waiver and forfeiture); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (declining to

22-1249

consider issue that the petitioner failed to exhaust before the BIA).[1]

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.

---

[1] Because the BIA's dispositive determination that the motion to reopen was untimely is not arbitrary, irrational, or contrary to law, we need not review its determination regarding Overton's claims of ineffective assistance of counsel.