**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JESUS MARIO DEL TORO RIVERA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-72689

Agency No. A079-290-008

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 12, 2011

San Francisco, California

Before: HUG, KLEINFELD, and W. FLETCHER, Circuit Judges.

Jesus Mario Del Toro Rivera ("Del Toro") petitions for review of the Board

of Immigration Appeals' ("BIA") denial of his motion to reopen. In December

2007, Del Toro moved to reopen his March 2005 removal order on the ground that

his prior attorney provided ineffective assistance. The BIA denied Del Toro's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

motion as untimely and declined to toll the 90-day deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(I). We review for abuse of discretion the BIA's denial of a motion to reopen. *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007).

We equitably toll deadlines on motions to reopen based on ineffective assistance of counsel so long as the petitioner acts with the requisite due diligence. *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). The BIA abused its discretion in this case when it focused on the diligence of Del Toro's present counsel in uncovering his prior attorney's ineffective assistance, rather than Del Toro's diligence in continuously pursuing relief. *See Ghahremani*, 498 F.3d at 1000. Like the petitioner in *Ghahremani*, Del Toro promptly retained new counsel and continuously pursued avenues of relief during the relevant time period. *Id.*; *see also Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) ("Typically, an alien is diligent if he continues to pursue relief and relies on the advice of counsel as to the means of obtaining that relief."). Del Toro himself did not "definitively learn[] of the harm resulting from [his] counsel's deficiency" until he "obtain[ed] a complete record of his immigration proceedings and [was] able to review that information with competent counsel" in October 2007. *See Avagyan*, 646 F.3d at 679. Because Del Toro filed the motion to reopen in December 2007, less than 90 days from October, his motion is timely.

We remand for the BIA to consider the merits of Del Toro's ineffective assistance claim in the first instance. *INS v Ventura*, 537 U.S. 12, 16-17 (2002) (per curiam); *Ghahremani*, 498 F.3d at 1000-01.

Petition **GRANTED**.