**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FNU YOVIVI,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 07-72822<br><br>Agency No. A099-339-622<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2011[**]
San Francisco, California

Before: HUG, KLEINFELD, and W. FLETCHER, Circuit Judges.

Yovivi, a native and citizen of Indonesia, petitions for review of the Board

of Immigration Appeals' (BIA) order dismissing her appeal from an immigration

judge's decision denying her application for asylum and withholding of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006). We deny the petition for review.

We have jurisdiction to review the BIA's timeliness determination because the BIA improperly required corroboration of Yovivi's alleged relationship with an immigration consultant to assist her in timely preparing her application. *See Singh v. Holder*, 649 F.3d 1161 (9th Cir. 2011). However, the BIA also reached the merits of Yovivi's claim that "extraordinary circumstances" excuse her untimely asylum application, finding Yovivi's proffered evidence insufficient to merit relief. Yovivi provided unsubstantiated testimony and an unauthenticated letter allegedly from an immigration consultant to show she attempted to timely file for asylum.

The evidence Yovivi provided does not compel the conclusion that she established changed or extraordinary circumstances sufficient to excuse the delay in filing her asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5). Thus, Yovivi's asylum claim fails.

Substantial evidence supports the agency's finding that the harm Yovivi suffered did not rise to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1040, 1059-60 (9th Cir. 2009). Substantial evidence also supports the agency's finding that, even under a disfavored group analysis, Yovivi did not present sufficient evidence of an individualized risk to demonstrate a clear probability of

future persecution.  *See id.* at 1066.  The record does not compel the conclusion that there is a pattern or practice of persecution of Chinese Indonesians or Chinese women in Indonesia.  *See Lolong v. Gonzales*, 484 F.3d 1173, 1180-81 (9th Cir. 2007) (en banc).  Accordingly, Yovivi's withholding of removal claim fails.

**PETITION DENIED.**

*Yovivi v. Holder*, No. 07-72822

KLEINFELD, Circuit Judge, concurring:

I concur.

I write separately because, although we are compelled to exercise jurisdiction by circuit precedent, I think that line of authority is mistaken. Were we not bound by circuit authority, I would dismiss for lack of jurisdiction.

Our court has concluded that § 106 of the REAL ID Act restores appellate jurisdiction in diverse circumstances.[1] I agree with Judge O'Scannlain's remark in *Lin v. Holder* that "we have stuck our noses further into disputes in which Congress has forbidden us a role."[2] All ten of our sister circuits to consider the issue have rejected the more expansive approach to jurisdiction adopted by our

---

[1]     *See, e.g.*, *Taslimi v. Holder*, 590 F.3d 981, 984-86 (9th Cir. 2010) ("reasonable period" requirement for the "changed circumstances" exception to the asylum application deadline); *Barrios v. Holder*, 581 F.3d 849, 857 (9th cir. 2009) (threshold requirements for special rule cancellation in the Nicaraguan Adjustment and Central American Relief Act); *Khan v. Holder*, 584 F.3d 773, 779-80 (9th Cir. 2009) (application of the definition of "terrorist organization" for the terrorist bar to asylum); *Husyev v. Mukasey*, 528 F.3d 1172, 1178-79 (9th Cir. 2008) ("extraordinary circumstances" exception to the asylum application deadline); *Khunaverdiants v. Mukasey*, 548 F.3d 760, 764-66 (9th Cir. 2008) (timeliness determinations for asylum applications); *Ghahremani v. Gonzales*, 498 F.3d 993, 998-99 (9th Cir. 2007) (the "due diligence" requirement to reopen an immigration case); *Ramadan v. Gonzales*, 479 F.3d 646 (9th Cir. 2007) (per curiam), *reh'g en banc denied sub nom. Ramadan v. Keisler*, 504 F.3d 973 (9th Cir. 2007) ("changed circumstances" exception to the asylum application deadline).

[2]     610 F.3d 1093, 1099 (9th Cir. 2010) (O'Scannlain, J., concurring).

court.[3]  Accordingly, although the memorandum disposition we issue today is correct under circuit precedent, I think a better reading of the law would be that taken by our sister circuits.

---

[3]  *Lumataw v. Holder*, 582 F.3d 78, 86 (1st Cir. 2009); *Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 154 (2d Cir. 2006); *Sukwanputra v. Gonzales*, 434 F.3d 627, 635 (3d Cir. 2006); *Gomis v. Holder*, 571 F.3d 353, 359 (4th Cir. 2009); *Zhu v. Gonzales*, 493 F.3d 588, 596 n.31 (5th Cir. 2007); *Almuhtaseb v. Gonzales*, 453 F.3d 743, 747-48 (6th Cir. 2006); *Viracacha v. Mukasey*, 518 F.3d 511, 515-16 (7th Cir. 2008); *Ignatova v. Gonzales*, 430 F.3d 1209, 1214 (8th Cir. 2005); *Ferry v. Gonzales*, 457 F.3d 1117, 1130 (10th Cir. 2006); *Chacon v. U.S. Att'y Gen.*, 427 F.3d 954, 956-57 (11th Cir. 2005) (per curiam).