NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MELI TORRES, a.k.a. Meli Monroy,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-73098

Agency No. A095-291-069

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Meli Torres, a native and citizen of Mexico, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order denying her motions to reopen

and reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion for abuse of discretion. *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Torres's motion to reconsider where the motion failed to identify any error of fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1); *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004).

The BIA did not abuse its discretion in denying Torres's August 30, 2010, motion to reopen as untimely where it was filed more than three years after the final administrative order, *see* 8 U.S.C. § 1229a(c)(7)(C), and she did not establish a basis for equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling is available when petitioner is prevented from filing because of deception, fraud, or error).

We lack jurisdiction to review the BIA's underlying order dismissing Torres's direct appeal from the immigration judge's decision and its February 4, 2010, denial of her motion to reopen because petitioner failed to timely petition this court for review of these decisions. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

We lack jurisdiction to review Torres's contention that the attorney who represented her before the immigration judge on December 12, 2005, provided

ineffective assistance because she failed to raise the issue before the BIA and thereby failed to exhaust her administrative remedies. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (no jurisdiction to review legal claims not presented before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**