**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE SALVADOR CORTES PIMENTEL, AKA Jose Salvador Cortez Pimentel and MARIA ERIKA DIAZ ORTIZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74641 <br><br> Agency Nos.   A075-647-287 <br>                A075-645-679 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2013
Pasadena, California

Before: RAWLINSON and BYBEE, Circuit Judges, and SIMON, District Judge.**

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     **    The Honorable Michael H. Simon, District Judge for the U.S. District Court for the District of Oregon, sitting by designation.

Petitioners Jose Salvador Cortes Pimentel (Cortes) and Maria Erika Diaz Ortiz (Diaz) challenge the denial of their motion to reopen as untimely, and the alternative denial of their claim of ineffective assistance of counsel (IAC).

1.      We lack jurisdiction over Petitioners' contention that the Board of Immigration Appeals (BIA) erred by declining to *sua sponte* reopen their case.  *See Minasyan v. Mukasey*, 553 F.3d 1224, 1229 (9th Cir. 2009); *Toufighi v. Mukasey*, 538 F.3d 988, 993 & n.8 (9th Cir. 2007).

2.      Equitable tolling of the deadline for filing a motion to reopen is available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error. . . ." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (citations omitted).  Cortes asserted by affidavit that he and Diaz believed that counsel had prepared and filed their motion to reopen shortly after he was hired.  Accordingly, Cortes and Diaz "were left under the impression for more than 2 years that [their] motion to reopen had been filed and was pending."  Such claims are not inherently implausible given the Petitioners' prior experience with immigration court delays.  Accordingly, it was error for the BIA to decline to

2

equitably toll the filing deadline for lack of diligence. *See Ghahremani v. Gonzales*, 498 F.3d 993, 999 (9th Cir. 2007) (holding that the BIA is under "an affirmative obligation to accept as true the facts stated in [a petitioner's] affidavit in ruling upon his motion to reopen unless it finds those facts to be inherently unbelievable") (citations omitted). The error was harmless, however, because the BIA properly denied the underlying IAC claim on the merits.

3.      "When considering the merits of a motion to reopen premised on ineffective assistance of counsel, the BIA asks whether counsel's performance was deficient, and whether the alien suffered prejudice. . . ." *Singh v. Holder*, 658 F.3d 879, 885 (9th Cir. 2011) (citation omitted). Cortes and Diaz argue that ineffective assistance by their attorneys prejudiced their cancellation of removal claim because counsel failed to establish extreme and unusual hardship to qualifying relatives.[1]

Counsel presented evidence at the removal hearing that Cortes' Lawful Permanent Resident (LPR) parents suffered from medical infirmities and required his assistance. Nevertheless, the Immigration Judge (IJ) found that the parents

---

[1] Petitioners also argued that the actions of a notario, from whom they had sought help, could form the basis of an IAC claim supporting their motion to reopen. We disagree. The record reflects that the notario's actions bore no relation to the fairness of the removal hearing that Petitioners later received. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 973 (9th Cir. 2004).

would not suffer extreme or unusual hardship because they possessed significant assets and were (at least partially) supported by Cortes' brother. Counsel diligently, albeit unsuccessfully, elicited testimony from Cortes to refute this conclusion.[2] Counsel also presented evidence that Petitioners' United States citizen children would be deprived of educational and cultural opportunities in Mexico.

By contrast, in *Morales Apolinar v. Mukasey*, 514 F.3d 893, 898-99 (9th Cir. 2008), we concluded that counsel was ineffective because he failed to elicit testimony, introduce available documentary evidence, or establish that an alien's mother was a qualifying relative for purposes of the hardship analysis. Unlike *Morales Apolinar*, Cortes' counsel presented evidence that Cortes' parents were LPRs and would suffer from his removal. Additionally, counsel questioned Cortes at length, eliciting testimony of potential hardship to his parents and children. Despite these efforts, the IJ found such harms inadequate to warrant cancellation of removal.

---

[2] Although the IJ noted that the absence of live testimony from the parents deprived her of the "best evidence" of the impact of Cortes' removal, when the IJ asked Cortes why his parents were not present, he replied that they were "sick" and "very nervous."

Petitioners do not identify other available evidence that could have established the requisite hardship. Accordingly, the BIA did not abuse its discretion in finding a lack of prejudice to Cortes and Diaz. *See Kwong v. Holder*, 671 F.3d 872, 881 (9th Cir. 2011) (concluding that performance was not deficient where the attorney elicited testimony from petitioner and presented sufficient evidence to permit the IJ to make a reasoned decision).

4. Petitioners also argue that counsel's actions prevented them from filing a petition for review of the BIA's decision reviewing the IJ's denial of cancellation of removal. Because Petitioners did not raise this issue before the BIA and support the claim with legal argument, we lack jurisdiction over this legal claim. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam); *see also Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007).

**PETITION DENIED**.