**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAGJIT SINGH BAINS, | No. 09-71092 |
| Petitioner, | Agency No. A072-683-448 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| JAGJIT SINGH BAINS, | No. 09-73359 |
| Petitioner, | Agency No. A072-683-448 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 16, 2014
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: REINHARDT and CHRISTEN, Circuit Judges, and SETTLE, District Judge.[**]

Jagit Singh Bains, a prominent Sikh activist who, before coming to the United States, was detained, beaten with belts and sticks, and had his legs pressed with a heavy wooden roller by the Indian police, petitions for review of a Board of Immigration Appeals (BIA) decision denying his motion to reopen an in-absentia deportation order. Bains seeks to reopen his case so that he can apply for asylum, withholding of deportation, and protection under the Convention Against Torture based on changed circumstances in India. He also seeks to reopen based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252(a) and grant the petition.[1]

We review the BIA's denial of a motion to reopen for abuse of discretion. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). The BIA abuses its discretion when it acts "arbitrarily, irrationally, or contrary to law." *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000).

---

[**] The Honorable Benjamin H. Settle, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

[1] The parties are familiar with the facts of this case, so we will not recount them here.

2

**1.** A party may generally only file one motion to reopen within ninety days of the entry of the final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). This time limit does not apply, however, where the motion to reopen is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).[2] "The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). A petitioner need not show unrelated evidence of persecution. Instead, he must present new evidence that was previously unavailable and is "qualitatively different from the evidence presented at his asylum hearing." *Id.* A change in personal circumstances does not qualify as a change in country circumstances. *See Najmabadi v. Holder*, 597 F.3d 983, 991 (9th Cir. 2010). Finally, "[t]he BIA and this court are under an affirmative obligation to 'accept as true the facts stated in

---

[2] Bains argues that the BIA applied an incorrect standard in rejecting his motion to reopen, because it required him to show changed country conditions rather than changed circumstances. But the Board's order denying his motion to reopen only mentioned changed circumstances, and this court uses the terms interchangeably. *See, e.g.*, *Toufighi v. Mukasey*, 538 F.3d 988, 993 (9th Cir. 2008).

[petitioner's] affidavit in ruling upon his motion to reopen unless [we find] those facts to be inherently unbelievable.'" *Avagyan v. Holder*, 646 F.3d 672, 678–79 (9th Cir. 2011) (quoting *Ghahremani v. Gonzales*, 498 F.3d 993, 999 (9th Cir. 2007)).

Here, Bains presented new, material evidence that changes in India have increased his fear of persecution. The BIA made no finding that the facts alleged in Bains's declaration are inherently unbelievable, so it was required to accept them as true. *Avagyan*, 646 F.3d at 679. Most significantly, Bains described a July 2008 incident where Baljinder Singh, a friend who had visited Bains in the United States, was attacked, stabbed, and tortured by four men after returning to India. The attackers asked Singh questions about Bains, which Singh refused to answer. Singh's account is supported by a hospital record documenting his injuries. Bains also declared that he received many phone calls from people in India threatening to kill him for printing materials criticizing the Indian government.

The BIA denied Bains's motion to reopen because it decided he alleged "no material change in India" and because it considered his allegations to show only a change in his personal circumstances. The BIA understood that the harm Bains faces is the result of activities he has engaged in since coming to this country. But if Bains's allegations are accepted as true, his evidence establishes a continuation

4

of the activities he was engaged in while in India that resulted in him being beaten and physically abused by the police, and more recent and specific targeting of him in India. Bains alleges a serious increase in the intensity of the threat of harm he faces in India. This new "qualitatively different" evidence established a change of country conditions. *Malty*, 381 F.3d at 945,

2.     Because we grant the petition for review, we need not address whether the BIA abused its discretion in rejecting Bains ineffective assistance of counsel claim or whether time limitations on motions to reopen violate international agreements and deprive petitioners of due process when they are seeking relief under the Convention Against Torture.

We **GRANT** the petition to review with instructions to reopen.