**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 4 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GAGANDEEP SINGH, | No. 16-73058 |
| Petitioner, | Agency No. A098-456-594 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 15, 2018
San Francisco, California

Before: GRABER, THACKER,** and BENNETT, Circuit Judges.

Gagandeep Singh petitions for review of a decision of the Board of

Immigration Appeals ("BIA") denying his motion to reopen his removal

proceedings to apply for asylum, withholding of removal, and protection under the

Convention Against Torture. We review the BIA's denial of a motion to reopen

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephanie Dawn Thacker, Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

for abuse of discretion. *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002). Under this standard, "[t]he decision of the BIA should be left undisturbed unless it is 'arbitrary, irrational, or contrary to law.'" *He v. Gonzales*, 501 F.3d 1128, 1131 (9th Cir. 2007) (quoting *Singh*, 295 F.3d at 1039). We deny the petition.

Singh filed his motion to reopen under 8 C.F.R. § 1003.2(c)(3)(ii), which requires the movant to demonstrate changed country conditions by presenting evidence that is "material and was not available and could not have been discovered or presented at the previous hearing." Singh argued that, due to changes in India since his 2010 removal proceedings, he fears persecution based on his own religious and political beliefs, his marriage to an African-American Christian woman, and his biracial and dual-faith son.

Singh, a native and citizen of India, is a Sikh and has been a supporter of the Shiromani Akali Dal Amritsar party, also known as the "Mann Party," since around 2002. The Mann Party supports the establishment of a separate Sikh state. Singh claimed that Indian authorities had increased their monitoring of Sikh separatists outside India due to certain events that occurred in India in 2015.

The BIA considered Singh's arguments and evidence. The BIA's decision referenced the evidence submitted by Singh regarding the treatment of Sikh separatists, including his affidavit and articles stating that Indian authorities had increased their monitoring of Sikh separatists outside of India. The BIA also

2

concluded that some of the evidence was previously available and could have been presented during Singh's 2010 removal proceedings.

The BIA also considered the evidence submitted by Singh relating to the treatment of Christians and individuals of African descent in India. The BIA concluded that the evidence was "very limited" and that some of the evidence actually supported a conclusion that there had been no changed country conditions regarding the treatment of Christians in India. Accordingly, the BIA held that Singh failed to demonstrate materially changed country conditions based on his marriage to an African-American Christian woman and his biracial and dual-faith son.

Based on our review of the record,[1] the BIA did not abuse its discretion in concluding that the evidence submitted by Singh failed to show a material change in country conditions.

**Petition DENIED.**

---

[1] We accept as true the facts stated in Singh's affidavit as the BIA made no determination that the facts alleged in his affidavit are inherently unbelievable. *Ghahremani v. Gonzales*, 498 F.3d 993, 999 (9th Cir. 2007).