NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL LAINEZ-URQUILLA, | No. 18-72425 |
| Petitioner, | |
| | Agency No. A70-075-301 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019**

Before:   FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Rafael Lainez-Urquilla, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen deportation proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reopen.  *Najmabadi v.*

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010).  We deny in part and grant in part the petition for review, and remand.

The BIA did not abuse its discretion in denying Lainez-Urquilla's motion to reopen based on ineffective assistance where he filed the second motion to reopen more than 21-years after the filing deadline, and failed to establish the due diligence necessary to warrant equitable tolling of the filing deadline.  *See* 8 C.F.R. § 1003.2(c)(2); *see also Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling of the filing deadline available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as the petitioner exercises due diligence in discovering such circumstances); *Ghahremani v. Gonzales*, 498 F.3d 993, 1000 (9th Cir. 2007) (the 90-day filing deadline runs from the date the petitioner definitively learns of prior ineffective representation).  In light of this disposition, we do not reach Lainez-Urquilla's remaining contentions regarding the alleged ineffective assistance of counsel.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Further, the BIA did not abuse its discretion in denying Lainez-Urquilla's motion to reopen based on changed country conditions in El Salvador where he

failed to present sufficient evidence of materially changed country conditions to qualify for the regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(3); *Najmabadi*, 597 F.3d at 987-90 (new evidence lacked materiality). The record does not support Lainez-Urquilla's contentions that the BIA failed to consider all relevant factors or otherwise erred in analyzing his claim. *See id.* at 990-91 (the BIA adequately considered evidence and sufficiently announced its decision).

Lainez-Urquilla also sought reopening to apply for adjustment of status. In denying Lainez-Urquilla's motion, it does not appear that the BIA made a determination as to this part of Lainez-Urquilla's motion to reopen. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner."). Thus, we grant the petition for review and remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**