**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUNKUN CHEN,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-997

Agency No.
A088-779-680

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2026[**]
Honolulu, Hawaii

Before: BYBEE, R. NELSON, and FORREST, Circuit Judges.

Petitioner Junkun Chen, a native and citizen of China, seeks review of the Board of Immigration Appeals' (BIA) decision affirming an Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and Convention Against Torture (CAT) relief. We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Chen only challenges the agency's adverse-credibility finding. We review the reasons underlying this finding for substantial evidence. *Kumar v. Garland*, 18 F.4th 1148, 1152–53 (9th Cir. 2021). "To reverse the BIA, we must determine that the evidence not only *supports* [a contrary] conclusion, but *compels* it." *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (quotation omitted). Here, the evidence supports the IJ's conclusion thrice over.

First, "[w]hen applicants for immigration relief deliberately lie to immigration authorities to secure an immigration benefit, it's entirely reasonable for immigration authorities to disbelieve their stories and deny their claims." *Ani v. Bondi*, 155 F.4th 1118, 1128 (9th Cir. 2025) (quotation omitted). It was reasonable to do so here. While Chen's 2008 application was prepared by an attorney later convicted of fraud, Chen's testimony revealed that he was aware his 2008 application "simplified" the facts, and was misleading. Contrary to Chen's position, the IJ focused on Chen's dishonesty—not his attorney's. Moreover, Chen gave inconsistent answers about whether he had lied in his 2008 application, despite the IJ's repeated attempts to clarify. That evidence supports an adverse-credibility finding.

Second, inconsistencies between a petitioner's application and hearing testimony can support an adverse-credibility finding. *See Dong v. Garland*, 50 F.4th 1291, 1297 (9th Cir. 2022). Chen's description in his application of interactions that he had with Chinese police related to his religious practices does not match his

2                                                                    25-997

description of these events at his 2024 hearing testimony. Although Chen acknowledged that his 2008 application included false information and attributed it to his attorney making changes to the information that he provided, Chen certified that the information in his application was true. The IJ did not err in refusing to accept Chen's explanation for the inconsistency in his statements. *See Li v. Garland*, 13 F.4th 954, 960–61 (9th Cir. 2021) (acknowledging that an IJ does not have to accept an applicant's explanation for a discrepancy).

Finally, an applicant's demeanor, candor, or responsiveness is properly considered in assessing his credibility. 8 U.S.C. § 1158(b)(1)(B)(iii). Here, the IJ found that Chen was evasive in taking responsibility for the deceptive application. That finding supports an adverse credibility finding. *Cf. Kalulu v. Bondi*, 128 F.4th 1009, 1017 (9th Cir. 2024) (acknowledging the "special deference" owed to an IJ's finding of evasiveness).

In sum, the record establishes that substantial evidence supports the agency's adverse-credibility determination.[1]

**PETITION DENIED.**

---

[1]To the extent Chen's CAT claim could be supported by evidence other than his statements, Chen forfeits any challenge to the agency's separate dispositive finding that he failed to prove that he would be tortured by or with the acquiescence of Chinese authorities if returned to China. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997–98 (9th Cir. 2007) (explaining that issues not discussed in the body of the opening brief are deemed abandoned).